IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE ARMSTEAD,

                             **Plaintiff,**

      **v.**

ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY,

                            **Defendant.**

                                     1:14-cv-586-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Elaine Armstead's ("Plaintiff") "Motion for Reconsideration of Court's Order Excluding Testimony of Bruce Fredrics and Brainard Miller and Citation to Authority" [72] ("Motion for Reconsideration") and Supplement to Plaintiff's Motion for Reconsideration [73] ("Supplement").  The Court, having reviewed the motion and the claimed basis for it, elects to rule on the motion before the pretrial conference scheduled for tomorrow.  Defendant Allstate ("Allstate") submitted a short response to the motion.  ([74]).

## I.   BACKGROUND[1]

On March 7, 2016, the Court entered its Order [70] on the parties' respective motions *in limine* [48], [49], [50].  In its Order, the Court granted Allstate's motions *in limine* and excluded the testimony of Plaintiff's purported experts Bruce Fredrics and Brainard Miller, including because Plaintiff failed to provide expert reports for each witness as required by Federal Rule of Civil Procedure 26(a)(2)(B), and Plaintiff failed to provide substantial justification for the neglect to file expert reports.

On March 8, 2016, Plaintiff filed her Motion for Reconsideration and Supplement.  In them, Plaintiff argues she properly disclosed Mr. Fredrics as an expert witness, and that, even if she did not properly disclose him, her failure was substantially justified.  Plaintiff also argues that Mr. Fredrics's testimony is allowed—even if he did not comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure—to impeach the testimony of Allstate's experts.  Plaintiff apparently now intends to offer Mr. Fredrics's testimony in rebuttal to Allstate's case-in-chief to "impeach" expert testimony that may be offered in Allstate's case-in-chief.

---

[1]    The Court here discusses only those facts pertinent to the pending Motion for Reconsideration.  A more thorough discussion of the facts relevant to this case is found in the Court's Order on the parties' motions *in limine*.

## II.    DISCUSSION

### A.    Legal Standard

The Court's Local Rule 7.2(E) provides: "[m]otions for reconsideration shall not be filed as a matter of routine practice."  Reconsideration motions are only appropriate when "absolutely necessary" to present:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

### B.    Discussion

Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert witnesses must provide a written report, prepared and signed by the witness, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  A party must make these disclosures at the time and in the sequence that the Court orders.  Id. at (a)(2)(D).  Federal Rule of Civil

3

Procedure 37(c) provides that when a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information or that witness to supply evidence at trial, unless the failure was substantially justified or was harmless.  Fed. R. Civ. P. 37(c)(1).  The burden of establishing that a failure to disclose was substantially justified or is harmless rests on the non-disclosing party.  Mitchell v. Ford Motor Co., 318 F. App'x 821, 825 (11th Cir. 2009).  Local Rule 26.1 emphasizes the importance of the demands of Federal Rule of Civil Procedure 26(a)(2) by requiring: "Expert disclosures shall be made as required by Fed. R. Civ. P. 26(a)(2) . . . ."  L.R. 26.1(A), NDGa.

Plaintiff does not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact that would require the Court to reconsider its Order.  Plaintiff does not contest that Mr. Miller did not provide the written report required by Federal Rule of Civil Procedure 26(a)(2) and our Local Rule 26.1(A).  In her response to Allstate's motion *in limine*, Plaintiff stated that "Mr. Fredrics has not prepared any expert report.  Mr. Fredrics' only 'report' is in the form of his estimates prepared as the result of his direct observation of Plaintiff's damages . . . ."  ([52] at 3).  Plaintiff now appears to contend that this estimate was, in fact, an expert report as required

4

by Rule 26(a)(2)(B).  (See Mot. for Reconsideration at 2, 6-7).[2]  Even if Plaintiff

now intends for the "estimates" to be Mr. Fredrics's Rule 26(a)(2)(B) expert

report, it fails to meet even the basic requirements of Rule 26.

Plaintiff also failed to show that her neglect to comply with the mandate of

Rule 26(a)(2)(B) was substantially justified.  The Eleventh Circuit has considered

the following factors in reviewing a district court's exclusion of the testimony of

an improperly disclosed witness:  (1) the importance of the testimony; (2) the

reason for the appellant's failure to disclose the witness earlier; and (3) the

prejudice to the opposing party if the witness had been allowed to testify.  Bruce

v. Classic Carrier, Inc., 2014 WL 1230231, at *10 (N.D. Ga. Mar. 24, 2014) (citing

Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1353 (11th Cir.

2004)).

Even if Mr. Miller's and Mr. Fredrics's testimony is "vital to" Plaintiff's

case,[3] (Mot. for Reconsideration at 6), the Court found that Plaintiff did not meet

---

[2]     Plaintiff continues to maintain that Allstate's motion *in limine* was an
untimely Daubert motion.  The Court addressed this argument in its Order.
Allstate previously filed timely Daubert motions to exclude the testimony of
Fredrics and Miller. In the Court's May 20, 2015, Order [44] denying summary
judgment, the Court denied without prejudice Allstate's motions, and instructed
Allstate that it would be allowed to re-file the motions based on the briefing
schedule for motions *in limine*. The Court deems Allstate's motions timely.

her burden to show that her failure to properly disclose the expert witnesses was harmless, or justified.  Plaintiff does not offer any reason for her failure to properly disclose the witnesses, choosing instead to offer the claim that she did, in fact, properly disclose them.  The fact is the expert disclosures required by Rule 26(a)(2) were not made and it is of questionable judgment for Plaintiff and her counsel to claim in their submission to the Court that Plaintiff complied with the disclosure and report requirements of Rule 26(a)(2).  Finally, the Court found that Plaintiff's failure to provide expert reports as required by Rule 26(a)(2) prejudiced Allstate because it did not have an opportunity to respond to the experts' stated opinions or to depose the witnesses on the matters they were required to address in the reports.  See Fed. R. Civ. P. 26(a)(2)(B).  The prejudice to Allstate is underscored by the fact that, when Plaintiff filed her putative Rule 26 expert report for Mr. Fredrics on March 3, 2016—eleven days before the start of trial—the report identified twenty-nine (29) opinions, the majority of which, Allstate represents, were newly-identified and were not revealed during Mr. Fredrics's deposition.  The disclosure requirements of Rule 26(a)(2) are intended to prevent precisely this type of surprise.

---

[3]     Given that this testimony is important to Plaintiff's case, it is at least odd that she did not undertake to comply with the straightforward requirements of Rule 26(a)(2) which are routinely met by parties litigating in federal court.

Plaintiff next argues that Mr. Fredrics's testimony will be offered to "impeach" the testimony of Allstate's adjusters as to the value of the damages. Plaintiff relies on <u>Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC</u>, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013) to support her argument that if a witness is called "solely" to impeach the testimony of another witness, the party calling the impeaching witness is not required to previously disclose the identity of the impeaching witness. The <u>New Cingular Wireless</u> case did not apply to disclosure of expert witnesses. The witness in <u>New Cingular Wireless</u> offered lay testimony, not testimony of an expert witness. Plaintiff does not provide any authority to support that a party calling an impeaching expert witness is not required to disclose the identity and report of the expert during the discovery process.[4] Indeed, Federal Rule of Civil Procedure 26(a)(3)(A) provides that, "[i]n *addition to the disclosures required by Rule 26(a)(1) and (2)*, a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). Rule 26(a)(2) specifically governs disclosures required for expert witnesses, and the exception for impeachment evidence found

---

[4]     Under the Court's Local Rules, each party is required to identify expert witnesses early in the discovery period. L.R. 26.2(C), NDGa.

in Rule 26(a)(3)(A) applies only to the *additional* disclosures required under that subsection for other than expert witnesses.

Because Plaintiff does not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact that would require the Court to reconsider its Order, Plaintiff's Motion for Reconsideration is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Elaine Armstead's "Motion for Reconsideration of Court's Order Excluding Testimony of Bruce Fredrics and Brainard Miller and Citation to Authority" [72] and Supplement to Plaintiff's Motion for Reconsideration [73] are **DENIED**.

**SO ORDERED** this 8th day of March, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE