IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE ARMSTEAD,

                        Plaintiff,

     v.

ALLSTATE PROPERTY
& CASUALTY INSURANCE
COMPANY,

                    Defendant.

1:14-cv-586-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Elaine Armstead's ("Plaintiff")

Second Motion for Reconsideration [76].

## I.    BACKGROUND[1]

On March 7, 2016, the Court entered its Order [70] on the parties' respective

motions *in limine* [48], [49], [50] ("Order on the Motions *in Limine*").  In it, the

Court granted Allstate's motions *in limine* and excluded the testimony of Plaintiff's

purported experts Bruce Fredrics and Brainard Miller, including because Plaintiff

---

[1]    The Court here discusses only those facts pertinent to the pending Second
Motion for Reconsideration.  A more thorough discussion of the facts relevant to
this case is found in the Court's Order on the parties' motions *in limine*.

failed to provide expert reports for each witness as required by Federal Rule of Civil Procedure 26(a)(2)(B), and Plaintiff's failure was not substantially justified.

On March 8, 2016, Plaintiff filed her First Motion for Reconsideration [72]. In it, Plaintiff argued she properly disclosed Mr. Fredrics as an expert witness, and that, even if she did not properly disclose him, her failure was substantially justified. Plaintiff also argued that Mr. Fredrics's testimony is allowed—even if she did not comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure—to impeach the testimony of Allstate's experts.

On March 8, 2016, the Court entered its Order denying Plaintiff's First Motion for Reconsideration. ([75]). The Court found that Plaintiff did not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact that would require the Court to reconsider its Order on the Motions *in Limine*. The Court again found that Plaintiff was required to file an expert report for Mr. Fredrics and Mr. Miller, and that her failure to do so was not substantially justified.

On March 9, 2016, Plaintiff filed her Second Motion for Reconsideration. In it, Plaintiff advances four new arguments: (i) even if Mr. Fredrics and Mr. Miller were required to submit expert reports, their testimony—which is allegedly based upon their personal observations of damages and actual preparation of estimates of

the value of the damages on behalf of Plaintiff—is admissible under Rule 701 as lay fact testimony in the same way that treating physician testimony is permissible; (ii)  Mr. Fredrics and Mr. Miller were not retained or specially employed to provide expert testimony, and therefore they were not required to submit Rule 26 expert reports; (iii) Georgia's rules of evidence allow lay opinion testimony as to damages, and this is a substantive right in conflict with federal rules; and (iv) Allstate's adjusters also did not file Rule 26 disclosures and should therefore be barred from testifying.

## II.    DISCUSSION

### A.    Legal Standard

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice."  Rather, such motions are only appropriate when "absolutely necessary" to present:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted).  Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council

v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Local Rule 7.2(E) also provides that a party "shall not file motions to reconsider to the court's denial of a prior motion for reconsideration."  LR 7.2(E), NDGa.  Plaintiff's Second Motion for Reconsideration violates Local Rule 7.2(E). The Court, in its discretion, nevertheless addresses Plaintiff's arguments.

     B.    <u>Discussion</u>

         1.    *Treating Physician Testimony*

Plaintiff again does not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact that would require the Court to reconsider its Order on the Motions *in Limine* or its Order on Plaintiff's First Motion for Reconsideration.  Plaintiff, however, now argues that Mr. Fredrics and Mr. Miller are "fact experts" who fall under the same category as treating doctors.  Treating doctors, Plaintiff contends, are not considered Rule 702 experts "when they testify as to their observations and treatment of a patient based upon personal knowledge."  (Second Mot. for Reconsideration at 2).

In support of her argument, Plaintiff relies on <u>United States v. Henderson</u>, 409 F.3d 1293, 1300 (11th Cir. 2005).  In <u>Henderson</u>, the Eleventh Circuit considered whether the district court erred in allowing a treating physician to

4

testify as to her opinion regarding the cause of the victim's injury.  The Court found that the physician's diagnosis that the victim's jaw was fractured was permissible lay testimony, "but her statement about the cause of the injury was . . . a hypothesis.  And the ability to answer hypothetical questions is the essential difference between expert and lay witnesses."  Id. (internal quotation marks and alterations omitted).  In reaching the conclusion that the doctor's testimony on treatment was allowed but that an opinion on the cause of the injury was not allowed, the Eleventh Circuit discussed two Tenth Circuit cases, Davoll v. Webb, 194 F.3d 1116 (10th Cir. 1999), and Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).  In Davoll, the Tenth Circuit held that a "treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party."  194 F.3d at 1138.  In Weese, the Tenth Circuit similarly commented that a doctor's lay opinions "were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation."  98 F.3d at 550.

The Court first notes that, to the extent the Eleventh Circuit has recognized that certain experts may provide lay testimony, the Eleventh Circuit generally has limited its discussion of this issue to testimony offered by treating physicians.  See Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011)

("[O]ur discussion in the course of [Henderson] sheds substantial light on the distinction between lay and expert testimony in the context of physician testimony."); R.W. v. Bd. of Regents of the Univ. Sys. of Ga., 114 F. Supp. 3d 1260, 1271 (N.D. Ga. 2015) (applying Henderson treating physician rule to treating psychologist).  Second, even if the treating physician line of cases applies to other types of experts—and there is not authority that it does—the situation here is substantially different than the treating physician testimony allowed in Henderson, Davoll, and Weese.  This is not a case where Plaintiff seeks to offer the testimony of a firefighter who responded to the fire call and who seeks to offer his skilled observations of what he saw regarding the progress of the fire, where it was most intense, where the general damage occurred—all things his training allowed him to observe and explain based on his observations at the scene.  To such a witness, the reasoning in Henderson might be analogous.  What Plaintiff seeks to offer is a trained professional's detailed investigation of the results of the fire, the manner in which the claim was handled, the repair work required and what it would cost—all testimony that requires specialized knowledge or technical expertise.  Fed. R. Evid. 702.  Mr. Fredrics's and Mr. Miller's testimony on the scope of the repairs needed, their cost, the claims adjusting process, and the other opinions Plaintiff seeks them to present, are not lay opinions because they, by their

nature, require experience and professional knowledge, and it is for this reason that they are subject to the requirements of Rule 702 and the disclosures mandated by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Mr. Miller's and Mr. Fredrics's services were requested well after the fire and they were engaged specifically to challenge Allstate's damages estimate and the processing of Plaintiff's claim under the Policy.  Arguing that Henderson, Davoll, and Reese allow these retained professionals to offer the testimony described is like arguing that an expert physician retained to provide a second opinion about the treatment of an injury is a lay witness allowed under Rule 701 simply because his testimony is based on the facts of an injury.  The treating physician cases upon which Plaintiff relies do not credibly support that the Rule 701 lay witness rule allows the specialized knowledge-based opinions Mr. Fredrics and Mr. Miller seek to offer in this case.[2]

---

[2]    In its response in opposition to Allstate's motions *in limine*, Plaintiff maintained that Mr. Miller has non-technical personal knowledge of facts relevant to this case.  Specifically, Plaintiff asserts that Mr. Miller personally observed that Plaintiff's wiring was "obviously burned," that lights malfunctioned, and that fuses were "constantly blowing."  ([53] at 2, 6).  The Court noted in its Order on the Motions *in Limine* that such lay testimony, based on what Mr. Miller saw at the house after the fire, is admissible.  To the extent Plaintiff now claims she wants to offer Mr. Fredrics to testify that the "adjuster failed to look inside the wall at the wires," this may be allowed if it is not cumulative of Mr. Miller's testimony and the evidence is that the adjuster did not look in the walls.  (See Pl.'s Reply [84] at

2.      *"Retained or Specially Employed"*

Plaintiff next argues that Mr. Miller and Mr. Fredrics were not "retained or specially employed to provide expert testimony in the case," as provided in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and therefore they were not required to submit an expert report.  (Second Mot. for Reconsideration at 4). Plaintiff appears to argue that, because Mr. Fredrics was initially retained by Plaintiff before the commencement of this lawsuit, he was not "retained to provide expert testimony" in this case.  This contrived argument to defeat the disclosure requirements of Rule 26(a)(2)(B) is inconsistent with the facts showing that Mr. Fredrics was retained for his technical expertise and specialized knowledge to advocate on Plaintiff's behalf in this insurance dispute.  Mr. Fredrics performed his professional services for Plaintiff pursuant to a retainer agreement that Plaintiff entered into with United States Adjusters, the public adjuster company that employed Mr. Fredrics.  The agreement specifically states that United States Adjusters was "retain[ed]" "to evaluate, advise and assist in the complete

---

3).  To the extent Mr. Fredrics then seeks to offer his opinion on why, in this case, the wires in the wall presented an "electrical issue," that opinion would require specialized knowledge and experience and, for the reasons stated in this Order, is an expert opinion that is excluded.  The jury can use its own judgment to decide if the facts show the adjuster should have done more.

adjustment" of Plaintiff's damages.  (Pl.'s Ex. 62).[3]  Plaintiff agreed to compensate United States Adjusters for the work performed by Mr. Fredrics.  Compensation was on a contingency fee basis.  Specifically, Plaintiff agreed to pay United States Adjusters fifteen percent (15%) of the amount she received from Allstate.  (Id.).  Mr. Fredrics then performed his services pursuant to a classic retainer agreement.

    Even if Mr. Miller and Mr. Fredrics were not retained as experts initially, the facts here are that Plaintiff intended to call Mr. Fredrics and Mr. Miller as expert witnesses at least as early as April 25, 2014, when Plaintiff represented in discovery that Mr. Fredrics and Mr. Miller would testify on a variety of technical matters such as "standards for claims handling, methods and standards use [sic] for calculating construction repair estimates," and an "estimate of the [repair] costs." ([7] at 1).  That Plaintiff characterized these experts at the time as "non-retained percipient expert[s]" does not change the fact that they are experts she retained to

---

[3]    At the pretrial conference held on March 9, 2016, Plaintiff presented the Court her Exhibit 62, which is Plaintiff's retainer agreement with United States Adjusters, the public adjuster company that previously employed Mr. Fredrics. Plaintiff argues that Mr. Fredrics was not "retained" to "provide expert testimony" because the contract states that "[a]t no time will a public adjuster or company official or employee appear for an 'Examination Under Oath' or 'deposition.'" (Pl.'s Ex. 62 at 1).  As explained below, even if Mr. Fredrics was not "retained" to "provide expert testimony" in 2012, he was certainly retained to do so very early in this litigation.  He was thus required to comply with the disclosure requirements of Rule 26(a)(2)(B).

provide expert testimony within the meaning of Rule 26(a)(2)(B) and Federal Rule of Evidence 702.  Mr. Fredrics and Mr. Miller, as expert witnesses, were required to comply with the disclosure requirements of Rule 26(a)(2)(B).

Plaintiff's untimely submission of Mr. Fredrics's Rule 26 disclosure—filed eleven days before the start of trial—further supports that Mr. Fredrics was "retained to provide expert testimony."  Mr. Fredrics's Rule 26 disclosure contains a summary of his opinions.  ([61.2]).  This summary, signed by Mr. Fredrics, consists of twenty nine (29) different opinions, all of which require knowledge, skill, experience and training uncommon to a lay person.  See Fed. R. Evid. 702. Each opinion is based on Mr. Fredrics's technical and specialized knowledge of the insurance and adjusting profession and industry.  The following opinions are representative of the 29 opinions which Plaintiff states she intended for Mr. Fredrics to offer at trial:

> 1)  In my opinion the costs to restore Ms. Armstead's home to its pre-loss condition is as reflected in my estimate in the amount of $59,233.51 (RCD) which has been previously disclosed to Allstate.
>
> . . .
>
> 3)  Allstate has a duty to promptly, fully, and reasonably investigate an insured's claim.  This includes the duty to timely and fairly communicate with the insured or her representatives about the claim.
>
> . . .

5)  Allstate has a contractual obligation to participate in appraisal once appraisal is invoked by the insured if it disagrees with any amount claimed by the insured. . . .

6)  A homeowner is the person most qualified to give testimony as to the pre-loss condition of their home . . . .

. . .

10)  Allstate must not rely upon insufficient information to refuse to pay a claim or any portion of a claim as submitted by an insured.

. . .

15)  Allstate has a duty to interpret all policy provisions in favor of coverage based on the concept that coverage always applies unless it is excluded, excepted limited, or restricted from coverage. . . .

. . .

18)  An insurance company has the right to inspect and photograph an insured risk prior to giving coverage.

. . .

23) In my opinion, estimates prepared by Paul Davis Restoration, a preferred contractor, were biased and unreasonably favorable to Allstate.

. . .

27)  In my opinion, Allstate ignored that this was a protein fire, which creates an oily residue that is not removable from walls, carpet, fabrics, and other contents without compromising the material which absorbed the oily residue. . . .

28)  In my opinion, Allstate should have had a preferred electrical contractor come out and inspect and provide an estimate for repairs to electric immediately upon being alerted to electrical problems. . . .

([61.2] at 1-6)

To argue that these opinions are other than ones offered by an expert is not credible.  Each of them requires broad experience and specialized expertise.  This includes the valuation opinion Plaintiff listed.  Each opinion that a party seeks to offer should be separately evaluated to determine if the opinion is one subject to the requirements of Rule 702.  Although Plaintiff argues generally that all of Mr. Miller's and Mr. Fredrics's opinions fall under Rule 701 as fact opinion testimony, she seems to argue that their repair estimate testimony of the cost to repair the physical damage to Plaintiff's property, because it is based on the fact of physical damage, is allowed under Rule 701 because it is just a calculation of the cost to repair.

Plaintiff's deconstruction of the testimony ignores that it requires experience and expertise to determine the nature and scope of the repairs required, that the repairs need to comply with code and engineering requirements, that there are often different options and modalities to restore a structure or components of it, and that labor and material costs vary—all of which requires experience and specialized knowledge to be applied by someone, like Mr. Fredrics, who is retained to develop an estimate of reasonable repair and restoration work.  To claim that what Mr. Miller and Mr. Fredrics did could be done by any lay handyman's visit to

a big box construction supply store ignores the expertise and knowledge these witnesses necessarily used to develop the opinions Plaintiff wants them to offer. See James River Ins. Co. v. Rapid Funding LLC, 658 F.3d 1207, 1214 (10th Cir. 2011) (finding that a witness's testimony did not qualify as lay opinion under Rule 701 where he calculated a post-fire estimate of the pre-fire value of a condemned building, noting that his calculations were "based in part on his professional experience in real estate"); Jones Creek Invs., LLC v. Columbia Cty., Ga., 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) (excluding cost estimate and damages testimony under Rule 701 where witness was not disclosed under Federal Rule of Civil Procedure 26(a)(2), finding the proffered testimony was based on "specialized knowledge"). Their opinions on damage, repair and restoration are expert opinions subject to Rule 702 and Rule 26(a)(2)(B).

> 3. *Conflict Between Georgia's Rules of Evidence and the Federal Rules*

Plaintiff next argues that lay opinion testimony as to the value of damages is permissible under Georgia's evidence rules and thus the Court should allow them in this case even if they are not allowed under the Federal Rules of Evidence or the Federal Rules of Civil Procedure. (Second Mot. for Reconsideration at 6). Plaintiff argues that the Georgia rule of evidence on damages is a substantive right, and by not allowing it Plaintiff is denied her right "to present the value of her claim

13

merely by virtue of being removed to Federal Court." (Id.).  She argues that,

"[w]hile evidentiary rules in Federal Court are generally not substantive, some

state evidentiary rules are substantive in nature, and transcend the

substance-procedure boundary, creating a potential Erie conflict." (Id. at 7).  She

claims the Erie[4] doctrine applies to this state rule of procedure.

Where, as here, state law governs the substantive issues of the case, federal

law still governs procedural matters in federal court.  McDowell v. Brown, 392

F.3d 1283, 1294 (11th Cir. 2004).  "Rules of procedure encompass rules of

evidence, and therefore, the Federal Rules of Evidence, not state evidentiary laws,

apply." Id. [5]  There are a few occasions where, under the Erie doctrine, a state rule

is substantive rather than procedural in nature, and a federal court must apply the

---

[4]     Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)

[5]     In McDowell v. Brown, the Eleventh Circuit held that Georgia's expert
competency rules in O.C.G.A. § 24-7-702, which are more restrictive than Federal
Rule of Evidence 702, apply where a federal court exercises supplemental
jurisdiction over a Georgia medical malpractice case.  Dutton v. United States, 621
F. App'x 962, 966 (11th Cir. 2015).  McDowell does not apply here, because
O.C.G.A. § 24-7-701(b), not O.C.G.A. § 24-7-702, is at issue.  The McDowell
court's decision was based on its observation that Georgia's evidentiary rules are
so intimately intertwined with its medical malpractice laws that it would create an
Erie conflict not to apply the state evidentiary rules in federal court.  Dutton, 621
F. App'x at 966.  This is not a medical malpractice case, and McDowell does not
apply here.  Further, the McDowell court addressed whether a witness is competent
to testify.  Here, the issue is not whether Mr. Miller and Mr. Fredrics are competent
to testify, rather it is whether they were required to comply with the procedural rule
of Federal Rule of Civil Procedure 26(a)(2)(B).

state rule.  This is not one of them.  As the Eleventh Circuit explained:

> [T]o aid courts in determining whether a law is substantive or procedural, the Supreme Court developed a two-part test in <u>Hanna</u>.  Under the <u>Hanna</u> test, when the federal law sought to be applied is a congressional statute or Federal Rule of Civil Procedure, the district court must first decide whether the statute is sufficiently broad to control the issue before the court.  If the federal procedural rule is sufficiently broad to control the issue and conflicts with the state law, the federal procedural rule applies instead of the state law.  A federal rule applies in the face of a conflicting state rule, however, only if the federal rule comports with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution.

<u>Royalty Network, Inc. v. Harris</u>, 756 F.3d 1351, 1357-58 (11th Cir. 2014) (internal quotations and citations omitted).[6]

Here, there is no question that Federal Rule of Evidence 701, which specifically excludes evidence that falls within the scope of Rule 702, is sufficiently broad to control whether lay opinion testimony on the value of damages is permissible.  Rule 701 also is in conflict with O.C.G.A. § 24-7-701.  O.C.G.A. § 24-7-701(b) provides that "[d]irect testimony as to market value is in the nature of opinion evidence."  Federal Rule of Evidence 701 does not have such

---

[6]     If the federal rule is not sufficiently broad to cover the issue or does not directly conflict with the state law, the district court should then proceed to the second prong of the <u>Hanna</u> test, which requires the district court to apply <u>Erie</u> and its progeny to determine whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping.  <u>Royalty Network</u>, 756 F.3d at 1358.

a provision, rather it requires that lay testimony must not be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). As discussed in this Order, the Court's Order denying Plaintiff's First Motion for Reconsideration, and in the Court's Order on the Motions *in Limine*, the testimony regarding damages Plaintiff seeks to elicit from Mr. Miller and Mr. Fredrics falls within the "scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 is sufficiently broad to control the issue whether lay opinion damages testimony is admissible, and Rule 701 is in conflict with O.C.G.A. § 24-7-701(b).[7] Rule 701, not O.C.G.A. § 24-7-701(b), therefore, applies in this case.[8] See Royalty Network, 756 F.3d at 1357-58.

---

[7] The Eleventh Circuit has noted that "[r]egarding the constitutionality of the federal rules, the Supreme Court has held that rules regulating matters indisputably procedural are *a priori* constitutional and . . . rules regulating matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either, also satisfy this constitutional standard." Royalty Network, 756 F.3d at 1360 (internal quotation marks and alterations omitted). Plaintiff does not provide any authority to show that Federal Rule of Evidence 701 does not comport with the Rules Enabling Act.

[8] In support of her argument, Plaintiff cites McInnis v. A.M.F., Inc., 765 F.2d 240, 245 (1st Cir. 1985). In McInnis, the First Circuit held that "it is well recognized that Congress did not intend the [Federal Rules of Evidence] to preempt so-called 'substantive' state rules of evidence such as the parole evidence rule, the collateral source rule, or the Statute of Frauds." Id. Plaintiff does not cite any cases to support that O.C.G.A. § 24-7-701(b) is similarly a "substantive" state rule of evidence. The foregoing Hanna analysis shows the statute is a procedural, rather than substantive, rule.

Under Rule 701, Mr. Miller and Mr. Fredrics cannot testify as lay witnesses because their opinions are based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Because Mr. Miller and Mr. Fredrics are experts under Rule 702, Plaintiff was required to submit expert reports for Mr. Miller and Mr. Fredrics in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

4.   *Allstate's Adjusters' Rule 26 Disclosures*

Finally, Plaintiff argues that Allstate did not provide Rule 26 disclosures for its professional adjusters, so Allstate should not be permitted to offer its estimates or opinions on claims handling in this case. First, if Plaintiff intended to seek to preclude the testimony of Allstate's claims adjusters, she was required to do so in her motion *in limine*. Her argument that her "Motion in Limine to exclude any evidence not disclosed in discovery" covered this objection is confusing and nonsensical. The Court denied the majority of Plaintiff's motions *in limine* because they failed to specify the precise evidence or testimony Plaintiff sought to exclude. The Court also does not understand which specific motion *in limine* Plaintiff contends covered Allstate's claims adjusters who did not file Rule 26 disclosures.

Second, even if Plaintiff had moved *in limine* to exclude the testimony of Allstate's claims adjusters, the Court would have denied her motion. Plaintiff's argument shows her misunderstanding of the Eleventh Circuit's decision in <u>Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.</u>, 320 F.3d 1213, 1223 (11th Cir. 2003), a case on which Plaintiff relies and that the Court discussed in its Order on the Motions *in Limine*. In <u>Tampa Bay</u>, the Eleventh Circuit affirmed a trial court's conclusion that three officers of a shipbuilding company were competent to testify under Rule 701 as to the reasonableness of an amount billed to a customer for ship repairs. <u>Id.</u> at 1223. The court reasoned that the officers could testify that the amounts billed by the company for which they worked and which was a party in the litigation were reasonable because they directly participated in the repair project, prepared the original estimate for the work, and determined the final amount to bill themselves. <u>Id.</u> Put another way, these officials simply were presenting testimony about how they determined the amount billed, and that the amount billed was, based on their experience at the company, reasonable. <u>Id.</u> at 1219-20. In allowing this employee testimony, the court noted that the Advisory Committee Notes for Rule 701 observe that courts have permitted an officer of a business to testify about damages based on his personal knowledge and day-to-day

18

experience with the business, without having to qualify as an expert witness.
Advisory Committee Notes, 2000 Amendments to Rule 701.

In the present case, Allstate's adjusters—unlike Mr. Fredrics and
Mr. Miller—are Allstate employees who, based on their day-to-day experience
with Allstate's business and its adjustment of claims, all have personal knowledge
of Allstate's original estimate and the amount the company agreed to pay under the
policy—the amount that is the basis of Plaintiff's claims in this case.  Allstate's
adjusters were not "retained or specially employed to provide expert testimony in
the case," and there is not any evidence to show they are employees "whose
duties . . . regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).
Mr. Fredrics, on the other hand, was retained "to evaluate, advise and assist in the
complete adjustment," (Pl.'s Ex. 62), of Plaintiff's damages in order to challenge
Allstate's initial assessment.  Both Mr. Fredrics and Mr. Miller, as explained
above, were certainly retained, *at the latest*, by April 2014, to provide expert
testimony in this case.

Plaintiff, in her current motion, seeks the Court to reconsider, for a third
time, the admissibility of Mr. Fredrics's and Mr. Miller's testimony.  Plaintiff does
not present any newly discovered evidence, intervening development or change in
controlling law, or any need to correct a clear error of law or fact that would

19

require the Court to reconsider its two previous orders on this subject, and Plaintiff's Second Motion for Reconsideration is denied.  Local Rule 7.2(E) provides that a party "shall not file motions to reconsider to the court's denial of a prior motion for reconsideration."  LR 7.2(E), NDGa.  The Court will not consider any further reconsideration motions.[9]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Elaine Armstead's Second Motion for Reconsideration [76] is **DENIED**.

**SO ORDERED** this 11th day of March, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[9]   In her Reply brief, Plaintiff offers extraneous arguments regarding jury charges.  The Court will address jury charges during the charge conference in this matter.