IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE ARMSTEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-586-WSD |
| | ) |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION IN LIMINE TO EXCLUDE THE OPINION TESTIMONY OF BRUCE FREDRICS**

COMES NOW, Defendant Allstate Property and Casualty Insurance Company ("Allstate") and files this Reply Brief in Support of its Renewed Motion *In Limine* To Exclude the Opinion Testimony of Bruce Fredrics by showing this Honorable Court the following:

**I.   Bruce Fredrics Should Not Be Allowed To Give Opinions About The Meaning Of Terms In The Allstate Policy.**

Construction and interpretation of a contract are matters of law for the court. <u>ALEA London Ltd. v. Woodstock</u>, 286 Ga. App. 572, 576, 649 S.E.2d 740 (2007).

As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured.  *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 269 Ga. 691, 693, 505 S.E.2d 729 (1998).  Where a contract is unambiguous, it is "improper for the court to give the jury any instruction with regard to the manner in which the contract should be construed."  *Transamerica Ins. Co. v. Thrift-Mart, Inc.*, 159 Ga. App. 874, 285 S.E.2d 566, 571 (1981).

Georgia law requires that before submitting a contract construction charge to a jury, the trial court should conduct the following inquiry:

> First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction.  Thus, where the terms of the contract are clear and unambiguous, the court looks only to the contract to find the parties' intent.
>
> Second, if the potential for ambiguity appears, the existence or non-existence of an ambiguity is itself a question of law for the court, unless an ambiguity remains even after the court has applied the pertinent rules of construction.
>
> Finally, issues of contract construction will be submitted to a jury only when there appears to be an ambiguity in the contract which cannot be resolved by the court's application of the statutory rules of construction.

*Georgia Association of Educators, Inc. v. Paragon Productions, Inc.*, 238 Ga. App. 681, 682, 520 S.E.2d 37 (1999).

Here, there has been no determination by the Court of any relevant ambiguity in the Allstate Policy. In her Response Brief, Plaintiff contends the terms "pair or set," "smoke" and "debris removal" are ambiguous because they are not defined in the Policy. [Doc. 112, p. 24]. The fact a word is not defined in an insurance policy does not make it ambiguous. A word or phrase is ambiguous if it is of uncertain meaning and may be fairly understood in more ways than one. *Stevens v. YCA, LLC*, 268 Ga. App. 413, 416, 602 S.E.2d 217 (2004).

None of the three terms cited by Plaintiff are ambiguous. First, the Policy issued to Plaintiff provides:

> ***Loss To A Pair Or Set***
>
> If there is a covered loss to a pair or set, we may:
>
> a) repair or replace ***any part of the pair or set*** to restore to its actual cash value before the loss; or
>
> b) pay the difference between the actual cash value of the pair or set before and after the loss.

[Policy, p. 18](emphasis added).

Plaintiff contends Mr. Fredrics should be able to opine on whether kitchen cabinets are considered a "pair or set." [Doc. 112, p. 24]. There has been no

showing the words "pair" or "set" may be fairly understood in more ways than one. Moreover, since Allstate has the ability under the Policy to repair or replace any part of a pair or set, whether kitchen cabinets are classified as such is irrelevant. Second, Plaintiff does not show where the word "smoke" is used or at issue in the Allstate Policy or how it is susceptible to more than one meaning. Third, Plaintiff has not shown any relevant debate regarding the meaning of "debris removal" in this case or how it is may be understood in more ways than one. There are no relevant terms in the Allstate Policy that are ambiguous or that need to be construed by the fact-finder in this case.

Even if there were ambiguous terms at issue, under Georgia law, the policy should be read as a layman would read it and not as it might be analyzed by an expert. _Mahens v. Allstate Ins. Co._, 447 Fed. Appx. 51, 54 (11th Cir. 2011); _Bartlett v. American Alliance Ins. Co._, 206 Ga. App. 252, 254, 424 S.E.2d 825 (1992). To determine the usual, ordinary and common meaning of undefined words, they should be viewed from the prospective of a layperson. _Giles v. Nationwide Mutual Fire Ins. Co._, 199 Ga. App., 483, 485, 405 S.E.2d 112 (1991). Accordingly, Mr. Fredrics should not be permitted to give expert opinion testimony or conclusions regarding the meaning of words in the Allstate Policy, regarding Allstate's alleged duties under the Policy or regarding coverage.

## II. Bruce Fredrics Should Not Be Allowed To Give His Opinions About The Reasonableness Of Allstate's Claim Handling.

Plaintiff's Response Brief does not cite to a single Georgia case involving a first-party insurance claim in which an expert was allowed to give opinion testimony regarding bad faith. [Doc. 112]. In fact, the cases relied on by Plaintiff are clearly distinguishable from the present case. *Georgia Operators Self-Insurers Fund v. PMA Management Corporation*, 143 F. Supp. 3d 1317 (N.D. Ga. 2015) *aff'd,* 631 Fed. Appx. 730 (11th Cir. 2015) involved a worker's compensation self insurance fund suing its former third party administrator for breach of contract due to the TPA's mishandling of their claims and mishandling of their funds. The manner and method in which the TPA handled the worker's compensation claims was the subject of the contract between the parties and was the main issue in the litigation. *Id.* at 1319.

*Manhattan Re-Insurance Company v. Safety National Casualty Corporation*, 83 Fed Appx. 861 (9th Cir 2003) involved an insurer suing a reinsurer for funds the reinsurer owed. At issue was whether the amounts owed under the reinsurance policy could be reduced by an annuity purchased by the insurer. Certain expert testimony was allowed because California law specifically allows interpretation of contract clauses in facultative reinsurance agreements. *Id.* at 863.

*Stewart Title Insurance Company v. Credit Suisse*, No. 1:11-CV-227-BLW, 2015 WL 42507014 (D. Idaho July 13, 2015) involved a $250 million title insurance policy for the construction of a ski resort.  Although the Idaho District Court allowed certain expert testimony in that case, the court specifically held the expert could ***not*** testify about what a certain term in the insurance policy means or whether the insurer or insured violated or complied with that term.  *Id.* at *5.

*Stipcich v. Metropolitan Life Insurance Company*, 277 U.S. 311, 48 S. Ct. 512, 72 L.Ed. 895 (1928) involved a suit on a life insurance policy.  At issue in that case whether the insured had timely notified the insurer of a preexisting health condition prior to obtaining the policy.  The case did not involve bad faith, and it did not involve the introduction of expert testimony.  None of the cases cited by Plaintiff support her position.

Georgia law does not allow the introduction of insurance expert testimony on the issue of alleged bad faith claim handling in cases such as this.[1]  When deciding the issue of bad faith, the jury must determine whether the insurer had a reasonable and probable cause for refusing to pay the amount claimed by the insured.  *See Jiminez v. Chicago Title Ins. Co.,* 310 Ga. App. 9, 712 S.E.2d 531,

---

[1]  The limited circumstances in which insurance experts have testified in Georgia is in third party liability cases in which an insurer is presented with a time limit settlement demand within the policy limits and is later sued for bad faith failure to settle.  *See* So. Gen. Ins. Co. v. Holt, 262 Ga. 267, 416 274 (1992).  This is not the same standard applicable herein.

535 (2011). "Jurors may properly be viewed as capable of evaluating good and bad faith (just as they regularly determine what constitutes the conduct of a 'reasonable' person) by bringing their own common sense and life experience to bear." *Tardiff v. GEICO Indemnity Co.*, 481 Fed. Appx. 584, 587 (11th Cir. 2012), *quoting,* *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 939 (10th Cir. 1994).

If the Plaintiff's claim for bad faith damages under O.C.G.A. § 33-4-6 goes to the jury in this case, the jury must then decide whether Allstate had a reasonable basis to deny Plaintiff's sworn claim. Bruce Fredrics should not be allowed to give expert opinion testimony regarding Allstate's alleged bad faith claim handling. This is not the proper standard for determining bad faith under Georgia law, and it is not a proper inquiry for expert opinion testimony. As such, Mr. Fredrics should not be allowed to give such opinions at trial.

### III.   Conclusion

Based on the foregoing, Defendant Allstate Property and Casualty Insurance Company respectfully requests that this Honorable Court GRANT its Motion *In Limine* To Exclude the Opinion Testimony of Bruce Fredrics.

Respectfully submitted.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP


*/s/ Melissa C. Patton*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
MELISSA C. PATTON
Georgia State Bar No. 187560

***Attorneys for Defendant Allstate Property and Casualty Insurance Company***

One Securities Centre, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 264-1080 / main
(404) 264-4520 / fax
mpatton@wznd.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing pleading (prepared in Times New Roman 14 point font) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Sandra Finch, Esq.<br>
The Russell's Law Firm<br>
741 E. Fry Blvd., Suite 200<br>
Sierra Vista, AZ 85635

This <u>30th</u> day of June 2016.

<i>/s/ Melissa C. Patton</i><br>
MELISSA C. PATTON<br>
Georgia State Bar No. 187560

**WEBB ZSCHUNKE, NEARY & DIKEMAN, LLP**
One Securities Centre, Suite 1210
3490 Piedmont Road
Atlanta, GA 30305
(404) 264-1080 / main
(404) 264-4520 / fax
mpatton@wznd.net