IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE ARMSTEAD,

            Plaintiff,

v.

ALLSTATE PROPERTY
& CASUALTY INSURANCE
COMPANY,

            Defendant.

1:14-cv-586-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Allstate Property & Casualty Insurance Company's ("Allstate") Motion to Quash Subpoena Served on Mark Gould [130] ("Motion to Quash").

Mr. Gould informed the parties that he had a conflict with appearing as a live witness at trial because he was scheduled to leave for a trip on Tuesday, July 12, 2016, the second day of trial. Allstate's counsel and counsel for Plaintiff Elaine Armstead ("Plaintiff") conferred and agreed that Mr. Gould would appear for an evidentiary deposition, and Allstate agreed to pay $200 in court reporting fees. On May 19, 2016, the parties deposed Mr. Gould. On July 6, 2016, the Court entered an Order [126] on the parties' respective deposition designation

objections as to Mr. Gould's testimony [119], [122] ("Gould Deposition Order"). On July 7, 2016, Plaintiff served Mr. Gould with a subpoena to appear at trial [129]. The same day, Allstate filed its Motion to Quash. In her response, Plaintiff "requests attorney fees for having to respond to this frivolous and baseless motion that is not permitted." ([133] at 4).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F. 2d 961, 967 (5th Cir. 1979).[1]

Allstate does not seek to quash the subpoena served on Mr. Gould based on a personal right or privilege, and its Motion to Quash is denied. In light of the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

parties' previous agreement, and to accommodate Mr. Gould's travel plans, Plaintiff is required to call Mr. Gould as her first witness on Monday, July 11, 2016.  In addition, the Court's Gould Deposition Order applies also to Mr. Gould's testimony at trial, and the parties may not question Mr. Gould as to matters the Court already has deemed inadmissible.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Allstate Property & Casualty Insurance Company's Motion to Quash Subpoena Served on Mark Gould [130] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is required to call Mr. Gould as her first witness on Monday, July 11, 2016.

**IT IS FURTHER ORDERED** that the Court's Gould Deposition Order [126] applies also to Mr. Gould's testimony at trial, and the parties may not question Mr. Gould as to matters the Court already has deemed inadmissible.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**, and, because Plaintiff reneged on her agreement to use the deposition of Mr. Gould, she shall remit to Allstate the $200 it contributed to expenses of Mr. Gould's deposition.

**SO ORDERED** this 7th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE