IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE ARMSTEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-586-WSD |
| ) | |
| ALLSTATE INDEMNITY INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S NOTICE AND OBJECTION TO CALLING MR. GOULD AS HER FIRST WITNESS

COMES NOW Plaintiff, and herby submits this Plaintiff's Notice and Objection to having to call Mr. Gould as her first witness and respectfully shows this Court as follows:

While Plaintiff appreciates the Court's Order dated July 7, 2016 requiring Mr. Gould to appear and testify live pursuant to her subpoena, Plaintiff objects to having to Call Mr. Gould as her first witness, as Plaintiff intended to call Mr. Gould only if she could not get digital media admitted without his testimony. Calling Mr. Gould as Plaintiff's first witness would severely prejudice Plaintiff's case, especially given how hostile and evasive Mr. Gould is at answering questions.

In light of the Court's Order, out of respect for the Court and the witness, Plaintiff is providing notice to the Court that it will not call Mr. Gould as her first

witness.  To preserve her rights, Plaintiff requests that the Court provide the witness instruction.   .

Plaintiff also objects to the Court's finding that Plaintiff reneged on the agreement with Defendant to allow the Defendant to take a preservation deposition.  Plaintiff did not renege.  Plaintiff made an agreement with Allstate, not Mark Gould, that Allstate could **take** the deposition s**ubject to objections to use at trial.**  Plaintiff has made her objections and the Court has overruled them, allowing the deposition.  Defendant is getting the benefit of its bargain.  Plaintiff never agreed with Mark Gould that she would release him from the subpoenas served upon him for his testimony for Plaintiff.

Plaintiff would not be in this position, had Mr. Gould showed up to the deposition with the commanded documents and digital media and not walked out during the deposition.  To say that Plaintiff "reneged" without any consideration to the extreme prejudice to Plaintiff for this conduct is unfair and unjust.  This Court has not once considered the prejudice to Plaintiff, and instead, seeks to focus entirely on information that is wholly irrelevant to the issues before the Court, depriving Plaintiff of full preparation by her attorney.

Respectfully submitted this 7th day of July, 2016.

                                            /s/ Sandra Finch
                                            Attorney for Plaintiff
                                            State Bar No.:  446264

The Russell's Law Firm, PLC
741 E. Fry Blvd., Suite 200
Sierra Vista, AZ 85635
520-458-7246

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE ARMSTEAD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | Case No: 1:14-CV-586-WSD |
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **PLAINTIFF'S NOTICE AND OBJECTION TO CALLING MR. GOULD AS HER FIRST WITNESS** with the clerk of court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Marvin Dikeman
Melissa Patton
Webb, Zschunke, Neary & Dikeman, LLP
3490 Securities Centre, Suite 1210
Atlanta, GA 30305

This 7TH day of July, 2016.

/s/ Sandra Finch
Attorney for Plaintiff
State Bar No.: 446264

The Russell's Law Firm, PLC
741 E. Fry Blvd., Suite 200
Sierra Vista, AZ 85635
520-458-7246