1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
2                        ATLANTA DIVISION

3    ELAINE ARMSTEAD                )
                                    )
4                 Plaintiff,        )    CIVIL ACTION FILE
                                    )    NO. 1:14-CV-586-WSD
5    v.                             )
                                    )    ATLANTA, GEORGIA
6    ALLSTATE PROPERTY & CASUALTY   )
     INSURANCE COMPANY              )
7                                   )
                  Defendant.        )
8    _____)

9

                    TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE WILLIAM S. DUFFEY, JR.,
                 UNITED STATES DISTRICT JUDGE
11
                      **PRETRIAL CONFERENCE**
12                   Thursday, July 7, 2016

13

14

15   APPEARANCES OF COUNSEL:

16   For the Plaintiff:     THE RUSSELL'S LAW FIRM PLC
                            (By:  Sandra Lee Finch)
17
     For the Defendant:     WEBB ZSCHUNKE NEARY & DIKEMAN LLP
18                          (By:  Marvin Dewayne Dikeman
                                  Melissa Cordell Patton)
19

20

21

22        *Proceedings recorded by mechanical stenography*
            *and computer-aided transcript produced by*
23                NICHOLAS A. MARRONE, RMR, CRR
                    1714 U. S. Courthouse
24                  75 Ted Turner Drive, S.W.
                    Atlanta, GA  30303
25                     (404) 215-1486

```
 1                    Thursday Morning Session

 2                        July 7, 2016

 3                         9:31 a.m.

 4                       -- -- --

 5                  P R O C E E D I N G S

 6                       -- -- --

 7          (In chambers by teleconference:)

 8          THE COURT:  Good morning.

 9          MS. FINCH:  Good morning.

10          MR. DIKEMAN:  Good morning, Judge.

11          MS. PATTON:  Good morning.

12          THE COURT:  This is the further pretrial conference

13   in Armstead versus Allstate.

14          Ms. Finch, are you on for the plaintiff?

15          MS. FINCH:  Yes, I am.  Good morning.

16          THE COURT:  Good morning.

17          And Mr. Dikeman and Ms. Patton, are you on for

18   Allstate?

19          MR. DIKEMAN:  Yes, Your Honor.

20          MS. PATTON:  Yes.

21          THE COURT:  Well, as you know, we had a complete

22   pretrial conference in the case on March 9th where

23   I completed all the things that I would normally go over in a

24   pretrial conference.

25          I set this because I knew that there might be some
```

things that needed to be considered as a result of the delay

of the case when we postponed and continued the trial.

I just thought we needed to protect some time to consider

anything that arose during that period.  So I set this

conference.

   But we have had the ability to address all of the

pending matters in written orders.  There will be orders

entered on the remaining pending matters today, so you will

have those in writing, and that will include an order on the

motion to amend the pretrial order.  So you will get that

today.

   And that's -- so I don't have anything to go over

today because we have been able to attend to all of the

pending matters in written motions that I have issued.

   But just because I don't have anything doesn't mean

that you might not have something that you want to

discuss.  And while we are all together, let's do that.

   MR. DIKEMAN:  Your Honor, this is Marvin Dikeman.

   I would like to inquire as to the status of the

documents used to question Mr. Gould and where they were

located.

   THE COURT:  Well, I have entered two orders on

that, and I haven't received a response to the order that

I entered, and I'm considering what to do on that.

   MR. DIKEMAN:  Okay.

1          MS. FINCH:  And I'm plaintiff's counsel.  I would

2     just like to know what the relevance is for that?  I did file

3     my objection.

4          I did not receive Your Honor's order.  I was flying

5     yesterday, Your Honor.  I did not get to computer until

6     sometime after 4:00.

7          I had my iPhone with me while I was traveling, and

8     I was able to get some of the e-mails that were sent out, but

9     on my iPhone I can't open -- I couldn't open all of the

10     order; I could only open the first page of it.

11          And, of course, I had no computer to -- I had no

12     ability to respond, and I believe there was a due date of

13     5:00 yesterday.  So there is no way I could have responded by

14     5:00.

15          THE COURT:  Well, of course, I didn't know that

16     until right now.  Nobody contacted us to say what your travel

17     arrangements were, that you didn't have any access to a

18     computer.  If what you are asking -- and I haven't received

19     anything today yet.

20          But if you are saying that you need some additional

21     time to respond, I will give that to you.

22          MS. FINCH:  Well, I would like some additional time

23     to respond.  But I also have an objection, again, because

24     I really don't understand what the complaint is or what it is

25     that I'm responding to.

1    I have looked up the law on every possible way that

2    you could sanction me for this conduct, which appears that's

3    what -- that appears to be the intent of the Court.  I don't

4    know.  I'm trying to understand.

5    And without knowing what it is that you are

6    complaining I have done, I don't know how I'm supposed to

7    respond.  And I feel like it's a due process issue.

8    THE COURT:  Well, that's why you have options

9    available to you.

10   But the orders are clear.  I have the authority

11   inherent, including authority from the Supreme Court just

12   this term, to manage matters that are assigned to me and over

13   which I preside.

14   I have reached a conclusion that a source of these

15   documents -- which I still don't know because that's all

16   I have asked you to provide -- may well impact the

17   admissibility, including of documents that are listed in this

18   motion -- in your request to amend the pretrial order.

19   And I don't know what you intend to do with those

20   documents, but one of the options available to me is if

21   I believe that documents were obtained wrongfully, that

22   I could exclude them from trial.  Which is why I have ordered

23   you twice to provide just the factual information about the

24   origin of those documents, because I believe they may well

25   impact my decisions on evidentiary issues at trial.

1      And that's why I'm telling you one more time that

2  you are under a court order to provide the information that

3  I have requested.  It is simply factual information about the

4  origin of the documents.

5      And if you want more time to provide it -- you have

6  now had since last Friday, it is Thursday -- but if you need

7  a little more time to do that, I'm willing to do that.  But

8  you are under a court order to provide that information.

9      MS. FINCH:  Well, I understand that, Judge,

10  respectfully.

11      And if it's to admit a document or to decide

12  whether you are going to admit or exclude a document, if

13  I could just have some idea as to which documents that you --

14  are you referring to -- because I am having trouble

15  understanding.  It looks like you have already excluded all

16  of those documents.

17      THE COURT:  Ms. Finch, I'm not negotiating with

18  you, and I'm sorry you are confused.

19      What is not confusing is the order for you to

20  provide information about the source of the documents that

21  you used during Mr. Gould's deposition.  And you are under an

22  order to do that.  You are going to have to decide how you

23  are going to respond to the Court's order.

24      If what you want is a little more time today to

25  provide the information, which is solely in your possession,

1   and the questions are not hard ones, then I will give you

2   more time, although I frankly don't think it's necessary.

3   But if you want it, I will give it to you.

4          But you are under an order of the Court to provide

5   the information, and you must.

6          MS. FINCH:  Your Honor, if -- and I'm not going to

7   debate the merits with you.  I will file a response.

8          But I'm just confused as to what -- if the

9   documents are already excluded, I don't understand how there

10  is any relevance whatsoever as to where the documents come

11  from.

12         THE COURT:  Because this case, Ms. Finch, is fluid,

13  including your request to amend the pretrial order to address

14  the documents that are in issue, as I understand it.

15         And the fact is you are under an order to provide

16  information for me to manage this case, and --

17         MS. FINCH:  Well, I have heard you state that, and

18  it's not that I don't understand that.  I do understand that

19  you are telling me that I'm under an order, but your orders

20  have to be a valid, lawful order.

21         And if the order serves no purpose other than

22  you're just intending to sanction me, then I think I'm

23  required due process on that issue and I'm entitled to notice

24  of what it is you want to sanction me for, what conduct it is

25  you want to sanction me for.

1          And I have read the cases on this, and they all say

2     that I am entitled to a hearing.

3          THE COURT:  You are.  After I get the information

4     to determine the source of the documents, I have to decide --

5          MS. FINCH:  I know, I --

6          THE COURT:  Ms. Finch, I'm not going to argue this

7     anymore.  You are under an order to provide the information.

8     You either provide it or you don't, and if you don't, then

9     I decide what to do.

10          MS. FINCH:  Okay.  Thank you, Your Honor.

11          THE COURT:  Anything else?

12          MR. DIKEMAN:  Not from Allstate, Your Honor.

13          THE COURT:  Anything else from the plaintiff?

14          MS. FINCH:  Just as far as the pretrial order goes,

15     there are something like a thousand pages in the claims file,

16     and in my motion to amend I think I included all of the --

17          THE COURT:  Your motion to amend -- your motion to

18     amend is before the Court and we will issue an order on that

19     today.

20          MS. FINCH:  Okay.  Well, I had just a couple of

21     more exhibits that I pulled out of the claims file just

22     because I don't want to introduce the whole thousand pages.

23     Am I going to -- can I do that?

24          There is just a few more -- like I had 230 -- or

25     229 to 233, I believe it is.  229 to 233 are just exhibits

1  out of the claims file notebook that I labeled individually,

2  and I would like to add those to the list.

3          THE COURT:  So you are amending your motion to

4  amend to amend?

5          MS. FINCH:  Well, I have never had a trial before a

6  judge where you had to have every single exhibit labeled at

7  the trial individually.  As long as you disclosed them, you

8  could use them.

9          And I didn't label these as individual documents.

10  They have been disclosed.  They are Allstate's claims files,

11  but I decided to label them individually.  In the course of

12  preparation of my outline, it made more sense to label them

13  individually as opposed to the way I had them labeled before.

14          THE COURT:  I will take that --

15          MS. FINCH:  It will be more helpful to the jury.

16          THE COURT:  I will take that up at trial.

17          MS. FINCH:  Okay.

18          THE COURT:  Anything else?

19          All right.  Well, thank you for being available,

20  and we will see you Monday morning.

21          MS. FINCH:  Thank you.

22          MR. DIKEMAN:  Thank you, Your Honor.

23                  (Proceedings adjourn at 9:42 a.m.)

24

25

C E R T I F I C A T E

UNITED STATES OF AMERICA        :
                                :
NORTHERN DISTRICT OF GEORGIA    :

          I, Nicholas A. Marrone, RMR, CRR, Official Court

Reporter of the United States District Court for the Northern

District of Georgia, do hereby certify that the foregoing 9

pages constitute a true transcript of proceedings had before

the said Court, held in the city of Atlanta, Georgia, in the

matter therein stated.

          In testimony whereof, I hereunto set my hand on

this, the 7th day of July, 2016.




                         */s/ Nicholas A. Marrone*
                         _____
                         NICHOLAS A. MARRONE, RMR, CRR
                         Registered Merit Reporter
                         Certified Realtime Reporter
                         Official Court Reporter
                         Northern District of Georgia