```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
 2                         ATLANTA DIVISION

 3    ELAINE ARMSTEAD                )
                                     )
 4                 Plaintiff,        )    CIVIL ACTION FILE
                                     )    NO. 1:14-CV-586-WSD
 5    v.                             )
                                     )    ATLANTA, GEORGIA
 6    ALLSTATE PROPERTY & CASUALTY   )
      INSURANCE COMPANY              )
 7                                   )
                   Defendant.        )
 8    _____)

 9
                        TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE WILLIAM S. DUFFEY, JR.,
               UNITED STATES DISTRICT JUDGE, AND A JURY
11
                           CONTEMPT HEARING
12                        Monday, July 11, 2016

13


14


15    APPEARANCES OF COUNSEL:

16    For the Plaintiff:     THE RUSSELL'S LAW FIRM PLC
                             (By:  Sandra Lee Finch)
17
      For the Defendant:     WEBB ZSCHUNKE NEARY & DIKEMAN LLP
18                           (By:  Marvin Dewayne Dikeman
                                   Melissa Cordell Patton)
19


20


21


22         Proceedings recorded by mechanical stenography
             and computer-aided transcript produced by
23                 NICHOLAS A. MARRONE, RMR, CRR
                       1714 U. S. Courthouse
24                    75 Ted Turner Drive, S.W.
                        Atlanta, GA  30303
25                        (404) 215-1486
```

```
 1                    Monday Afternoon Session

 2                        July 11, 2016

 3                          4:42 p.m.

 4                        -- -- --

 5              P R O C E E D I N G S

 6                        -- -- --

 7          (In open court without a jury present:)

 8          THE COURT:  All right.  This is a hearing pursuant

 9   to my order dated July 1st of 2016.  In that I required

10   Ms. Finch to provide certain information about the

11   acquisition of materials that were used during a

12   deposition.

13          The information that was required to be

14   provided is set out on page 34 of the order, and included

15   information as follows, and the information was required to

16   be provided in a sworn affidavit, stating in detail how and

17   under what circumstances she obtained the photographs of

18   Mr. Gould's office and the Steamatic guide in question,

19   including when the photographs were obtained, who took them,

20   where they were taken, to whom they were distributed, and

21   whether the Steamatic guide photographs had Ms. Finch's

22   letterhead on it, and, if so, how did the letterhead

23   appear on them, and whether Ms. Finch was involved in or

24   knew the circumstances regarding the creation of the

25   photographs.
```

1          In response to this, Ms. Finch objected to the
2     requirement of the Court, and she was reminded, and I gave
3     her some additional time to respond to the requirement of the
4     order.  She did not provide the information as originally
5     required in the July 1st, 2016, order, nor did she provide me
6     information as she was told she was required in the Court's
7     subsequent order.

8          And then, further, during the pretrial conference
9     that we had just a couple of days ago, she told me that she
10    intended to file a response to the order, and she has failed
11    to do that.

12         And so this hearing is for Ms. Finch to show cause
13    why she should not be held in contempt.

14         So you are to show cause why you should not be held
15    in contempt.

16         MS. FINCH:  Well, Your Honor, first I believe the
17    Court has the burden to establish contempt by clear and
18    convincing evidence, *Chairs v. Burgess*, 143 F 3d 1432, 1436,
19    Eleventh Circuit 1998.  Contempt proceedings are brought to
20    enforce a court order that requires a party to act in some
21    defined manner.  A petitioner must first establish by clear
22    and convincing evidence that the alleged contemnor violated a
23    court's earlier order.

24         THE COURT:  This is my order that I imposed upon
25    you and that I have told you in a subsequent order that you

1   are required to comply with.  The information that was

2   required, as I have told you before, was directly related to

3   my duties in presiding over this case and making evidentiary

4   rulings.

5           You have not provided the information that you have

6   been ordered by the Court twice to provide.  And I want to

7   know, one, are you going to provide it now, and if you are

8   not going to provide it, why.

9           MS. FINCH:  May I finish, Your Honor?

10          THE COURT:  Are you going to provide the

11  information now, and if not --

12          MS. FINCH:  The case that I just cited to you holds

13  a *prima facie* case includes validity of the order.  The court

14  must show authority under which it has made the order.

15          THE COURT:  My authority is that under

16  Supreme Court precedent and circuit precedent, I have the

17  authority for lawyers appearing in litigation before me to

18  maintain the integrity of that process, and my authority and

19  the reason why this order is being issued is because to

20  preside over this case, I require the information that

21  I requested very specifically.

22          That is my authority.  If you disagree with it, you

23  can take it up with the Court of Appeals.  But that's my

24  authority.

25          MS. FINCH:  Okay, Your Honor.

1        Well, first off, I would say that the Court in its

2   order for me to show cause has not been very -- has shown a

3   lack of candor in its order stating that I did not ask for

4   additional time.

5        And I would tender Exhibit 1 as my evidence, which

6   is the transcript of the proceeding which states on page

7   four:

8            *The Court:  Well, of course, I didn't know*

9            *that until right now.  Nobody contacted us to say*

10           *what your travel arrangements were, that you didn't*

11           *have any access to a computer.*

12           *If what you are asking -- and I haven't*

13           *received anything today yet, but if you are saying*

14           *that you need some additional time to respond, I*

15           *will give that to you.*

16           *Ms. Finch:  Well, I would like some additional*

17           *time to respond.  But I also have an objection,*

18           *again, because I don't really understand what*

19           *the complaint is or what it is that I am responding*

20           *to.*

21           THE COURT:  Ms. Finch, I was at that conference.

22   In fact, that's a conversation between me and you, and I gave

23   you additional time, and during that conference you said that

24   you were going to file a response.

25           It is now Monday, July 11th.  You have had an order

1   of the Court to provide specific factual information.  You

2   have had lots of time to do that, and you have refused to

3   provide it.

4           MS. FINCH:  Your Honor, may I be heard?

5           THE COURT:  So tell me what the information is in

6   answer to the questions?

7           MS. FINCH:  I would like to.  I would like to

8   respond to you.

9           THE COURT:  Tell me, first, are you going to comply

10  with the order to provide the information required in my

11  order?

12          MS. FINCH:  No, I am not.

13          THE COURT:  And why not?

14          MS. FINCH:  And I will tender Exhibit 1.

15          THE COURT:  And why not?

16          MS. FINCH:  Because I don't believe it's a valid

17  order, and I believe the Court is required to have a valid

18  order before it can enforce contempt.

19          There have been three orders in this case dealing

20  with that affidavit.

21          The first one was Document 121 dated July 1st,

22  which came out at 3:45 p.m. on a Friday before a holiday

23  weekend with a due date on Tuesday, July 5th, with no

24  business days in between, which was a lack of due process and

25  a lack of notice.

1      Then in that order the Court said it found Finch's
2  explanations insufficient and evasive, then with no reason
3  whatsoever ordered counsel to provide an affidavit relating
4  to how evidence that this Court already excluded was
5  obtained.
6      There does not appear to be any valid reason for
7  the Court to be asking for that information other than to
8  initiate some sort of sanction or some sort of -- I don't
9  even know what.
10      And the inherent power of the Court addresses
11  conduct within the courtroom.  This is conduct that is out of
12  the courtroom and it is not within the Court's inherent
13  power.  It doesn't fall under Rule 11.  It doesn't fall under
14  Rule 36.  It doesn't fall under Rule 37 or Rule 16.  It
15  doesn't fall under any rule that this Court has the authority
16  to do anything about.
17      And on top of that, the Court is required, if they
18  want to -- if the Court wants to -- there is just no
19  conceivable reason for the Court to need that information
20  unless the Court is trying to discipline me or sanction me in
21  some way.
22      And if that's the case, the Court is required to go
23  through procedures and provide me with a petition -- an
24  allegation of what conduct the Court complains of that I did
25  or did not do that was wrong, and I am required to have an

opportunity to respond to that and have representation and have a hearing.  Due process.

The second order dated July 6th, Document 127, was due on the same day at 5:00.  I got on a plane, I left at four a.m. at my house, Arizona time, and did not arrive to a place where I could even do anything about the order until sometime -- I don't know the exact time.  It was at least 4:30.

I don't remember when I got it.  I know I didn't have time to respond to the order.  I don't think that that is due process or notice.

And inherent power to sanction litigants for bad faith or inherent authority to regulate professional conduct is what -- I mean, you put in the order your reason for asking for it in that order was that you had the inherent authority to manage your docket in the courtroom and the conduct of parties and counsel who litigate before the Court.

Well, this had nothing to do with your docket, nothing to do with your courtroom, and nothing to do with conduct of the parties in the court.

The other inherent power you mentioned was to sanction litigants for bad faith.  Okay.  Well, if you are going to sanction me, then I have a right to be told what it is, the conduct I have done that you are going to sanction me

1   for.

2          If you are going to regulate professional conduct,

3   there are rules for that.  Those are listed in Local Rule

4   83.1, I believe it is.  Local 83.1, Attorney

5   Discipline.  There is a whole procedure for it.

6          It says the court has to provide a petition, an

7   allegation against the attorney, and that they have an

8   opportunity to respond.  None of that happened.

9          And then the third order which the Court issued on

10  July 7th, the order to show cause, now the reason for the

11  order is for the Court to determine its impact on the

12  evidence that plaintiff stated she intends to offer at

13  trial.

14          Three different orders, three different reasons for

15  why the Court has said they want this information, when it

16  all really comes down to is the Court somehow wants to

17  sanction me or make a judgment of me about conduct that

18  occurred outside of the Court's presence that the Court has

19  no knowledge of.

20          And the Court cannot just take affidavits from

21  people.  I am entitled to a hearing on that.

22          Under the inherent power under 18 U.S.C. 401, it's

23  for misbehavior committed in the court's presence or

24  disobedience or resistance to a lawful order.  And the key

25  there is lawful order.

1           THE COURT:  Anything else?

2           MS. FINCH:  I don't believe the order is lawful.

3           An order or command must be sufficiently clear and

4    unequivocal at the time that it is issued.  Whether an

5    order -- that's *Traub v. United States*, 232 F 2d 43, D.C.

6    Circuit 1955.

7           Whether an order is clear enough depends on the

8    context in which it is issued and the audience to which it is

9    addressed.  *United States v. Robinson,* 922 F 2d 1531,

10   Eleventh Circuit 1991.

11          And in this context where the court is clearly

12   looking for a reason to sanction counsel, counsel would like

13   to know the reasons so that she can respond.

14          I don't believe I am sufficiently noticed as to the

15   need for an affidavit with the changing and evolving orders

16   of the Court.  Is it to determine admissibility of evidence?

17   Is it to sanction counsel?  Is it to regulate professional

18   conduct?  Is it for any of these things?

19          If it's for any of these things, a complaint or

20   petition or fair notice of conduct complained of is required

21   with notice and opportunity to be heard, and none of that has

22   happened.

23          THE COURT:  Anything else?

24          MS. FINCH:  It is not contempt to disobey, avoid a

25   command date or decreed or warrent issued by a court without

1    jurisdiction of the parties and the subject matter.  That is

2    *Western Fruit Growers v. Godfried*, CCA 9, California 1943.

3         It is a weak court that must depend for its

4    strength upon contempt proceedings, and for any abuse of

5    administrative discretion or powers, an equity court has more

6    fitting and effectual restraints and correctives; and,

7    therefore, suggestion that contempt process of court be

8    invoked to compel future admissions of Negro pupils to

9    schools was declined, especially in view of the fact that it

10   appeared that defendant's injunction suit had been warranted

11   in their determinations to refuse admittance in greater

12   number of cases.  That's *Jones v. School Board of City of*

13   *Alexandria, Virginia*, 179 F Supp 280.

14        A federal court may punish contemptuous conduct

15   that occurs outside its presence only after giving notice of

16   the essential facts constituting the charged criminal

17   contempt.  That's *United States v. Baldwin,* 770 F 2d 1550,

18   Eleventh Circuit 1985.  That cases discusses the difference

19   in procedure required for direct and indirect criminal

20   contempt.

21        The defendant is not only entitled to be informed

22   of the nature of the charge against him, but to know that it

23   is a charge and not a civil.

24        A reasonableness -- an order meets the reasonable

25   specificity requirement only if it is a clear, definite and

1  unambiguous order requiring or prohibiting the action in

2  question.  *DuPont de Nemours & Company-Benlate Litigation*,

3  99 F 3d 363, Eleventh Circuit.

4         And the reasonableness of an order must be

5  evaluated in the context in which it is entered and the

6  audience to which it is addressed.

7         It's a very high burden for the court to establish

8  contempt under use of inherent power.  *Chambers v. NASCO* --

9  that's a case you cited in one of your orders, Your Honor --

10  501 U.S. 32.

11         Should be exercised cautiously and with due regard

12  to constitutional rights.  *U.S. v. Moore*.

13         And no willful disobedience.

14         This Court was aware at the time that it issued its

15  order, the last order, that plaintiff was unable to

16  comply.  I was expecting there to be another order, but

17  apparently the Court just went on and issued another order.

18  When I said I wanted more time to respond, I would have

19  expected an order that gave me more time to respond.

20         Courts have held that the inherent power to hold an

21  attorney in contempt is to be used in the least restrictive

22  manner to achieve the proposed end.  That is a question

23  there:  I'm not even sure what the proposed end is.

24         If the Court is truly concerned about an

25  evidentiary ruling, this Court should specify which evidence

1   that it is speaking of and why an affidavit is relevant to

2   that evidence being admitted or denied.  The Court

3   specifically references an affidavit on where photographs of

4   Mr. Gould's office and manual were taken, who took them,

5   et cetera, and those exhibits have already been excluded.

6        I would raise the defense of work product

7   doctrine.  Attorneys in their investigations have privilege.

8   That's *United States v. Nobles*, 422 U.S. 225, a Supreme Court

9   case.

10       Also *Republic of Ecuador v. Hinchee,* 741 F 3d 1185,

11  Eleventh Circuit case, which said that at its core

12  shelters -- the work product doctrine at its core shelters

13  the mental processes of the attorney.

14       The Supreme Court observed that attorneys often

15  must rely on the assistance of investigators and other agents

16  in the compilation of materials in preparation for

17  trial.  The Supreme Court concluded that it is necessary that

18  the work product doctrine protect material prepared by agents

19  for the attorney as well as those prepared by the attorney

20  himself.

21       In addition, to the extent that there is any

22  allegation that I did anything or if there is any proof that

23  I did anything, I would not be required to comment on any of

24  that on my Fifth Amendment rights, and the Georgia Fifth

25  Amendment is much broader than the federal Fifth Amendment

and covers anything that will bring ill-repute on a lawyer, not just criminal conduct.

And that's all I have.

THE COURT:  This hearing is conducted because on July 1st of 2016, I ordered you to provide information to me, and that order was entered regarding other motions *in limine* that had been filed with the Court at the time that I ordered you to provide the information that you were ordered to provide.  So this is about your failure to provide information in response to an order, it is not about sanctioning conduct outside the Court.

And at the time that I entered the order, I had two things before me.

I had plaintiff's motion to amend the pretrial order at Docket Entry 118.  The motion was filed on July 1st, and it sought to add to the pretrial order at your request Exhibit 199, which was the photo of Steamatic wall depicting certifications.  And you wanted to add to the pretrial order Exhibit 202, which was the Steamatic Guide to Restoration Services.  Those are both in your motion that were before me at the time that this order was entered.

I also had before me on that date objections to Mr. Gould's deposition testimony which centered upon the two things that you wanted to add to the pretrial order, which was specifically the photo of Steamatic wall depicting

1    certifications and the Steamatic Guide to Restoration

2    Services.

3           So at the time that I entered this order and

4    required the information about the acquisition of those,

5    I was specifically considering whether or not to allow

6    amendment to an order, and it had to do specifically as a

7    result of Mr. Gould's deposition testimony and my review of

8    the objections to it.  It had to do with whether or not

9    testimony or exhibits were admissible in a matter over which

10    I was presiding.

11           I needed to make rulings on evidentiary matters

12    that were before me in matters that you filed by wanting to

13    add to the pretrial order the two things that are actually

14    in dispute.  I needed to know how those were obtained,

15    because if there was lawyer misconduct with respect to that,

16    I might well have and probably would have excluded the

17    information.

18           I simply wanted to know whether or not they were

19    obtained in a way that was through the regular discovery

20    process, in which case it would have been fine, or was there

21    some other way in which there was an election made not to use

22    the Rules of Civil Procedure or other vehicles to obtain the

23    information in a piece of litigation.  And if they weren't,

24    I reserved the right to consider whether or not an

25    appropriate ruling would be to exclude the evidence.

1        At the time that I issued my order, I simply asked

2   for factual information that was clearly in your possession

3   relating to two exhibits that you asked me to allow you to

4   bring into the case.

5        Your failure to provide the factual information

6   that was requested was a failure on three occasions.  I have

7   given you the further opportunity today to provide the

8   factual information that I need.  Because, frankly, in this

9   case I don't know what you are going to try to introduce

10  because it changes from time to time.  I think I am required

11  to be prepared for any evidentiary issues so that I have the

12  right information to make a proper ruling.

13       For those reasons I find that you were in bad

14  faith, because you had a specific order to provide

15  information in response to an order that I issued so that

16  I could manage and preside over a piece of litigation

17  assigned to me, and on three occasions, from July 1st until

18  now, not once have you provided the information, and not once

19  have you ever explained why you refuse to provide it, until

20  today when you say you have got Fifth Amendment privileges,

21  you have got due process privileges.

22       But this is your due process hearing, this is your

23  chance to tell me what it is that is your objection and why

24  you didn't provide the information, or you can provide the

25  information.

1          Failing to do either of those things, I find you in

2   contempt.

3          I will issue a written order on this so that you

4   can appeal it to the Eleventh Circuit, and in that order I

5   will decide what is an appropriate sanction.

6          And that's my ruling.

7          MS. FINCH:  Your Honor, I would just say that the

8   distinction here lies in -- I'm trying to look at the dates

9   that you just recited, and I seem to recall that you already

10  ruled on the -- that you ruled on the admissibility of the

11  Gould 202 and 191.

12         THE COURT:  And that might well influence me on

13  what sanction to impose, but it doesn't absolve you of the

14  responsibility of responding to a valid order of the Court

15  that was lawful.

16         And if you want to submit something in writing now

17  that I have given you my views on this, I will hold off

18  issuing a written order until you do.

19         How much longer to do you need to do that?

20         MS. FINCH:  Your Honor, that's fine.  I will just

21  appeal it.

22         THE COURT:  So how long do you want to be able to

23  respond to this in writing?

24         And if you want an additional hearing with counsel,

25  I am happy to schedule that.  Would you like to do that after

1   the case is over?

2           MS. FINCH:  I would appreciate anything that the

3   Court is willing to do to allow me to absolve myself in this

4   situation.  I think once the Court hears all of the evidence

5   and finds out that Mr. Gould perjured himself in more ways

6   than one --

7           THE COURT:  Would you like a hearing, and, if so,

8   when would you want it?

9           MS. FINCH:  Well, I am here until the 20th.  I fly

10  back to Arizona on the 20th.  So when could the Court do a

11  hearing?

12          THE COURT:  I will let you know in the morning.

13          MS. FINCH:  Thank you.

14          THE COURT:  Anything further?

15          MR. DIKEMAN:  No, Your Honor.

16          THE COURT:  We will be in recess.

17                  (Proceedings adjourn at 5:05 p.m.)

18

19

20

21

22

23

24

25

1                        C E R T I F I C A T E

2

3    UNITED STATES OF AMERICA        :
                                      :
4    NORTHERN DISTRICT OF GEORGIA     :

5

6             I, Nicholas A. Marrone, RMR, CRR, Official Court

     Reporter of the United States District Court for the Northern

7    District of Georgia, do hereby certify that the foregoing 18

8    pages constitute a true transcript of proceedings had before

9    the said Court, held in the city of Atlanta, Georgia, in the

10   matter therein stated.

11            In testimony whereof, I hereunto set my hand on

12   this, the 13th day of July, 2016.

13

14

15

16                        /s/ Nicholas A. Marrone

17                        _____
                          NICHOLAS A. MARRONE, RMR, CRR
18                        Registered Merit Reporter
                          Certified Realtime Reporter
19                        Official Court Reporter
                          Northern District of Georgia

20

21

22

23

24

25