```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION

ELAINE ARMSTEAD                      )
                                     )
          Plaintiff,                 )    CIVIL ACTION FILE
                                     )    NO. 1:14-CV-586-WSD
v.                                   )
                                     )    ATLANTA, GEORGIA
ALLSTATE PROPERTY & CASUALTY         )
INSURANCE COMPANY                    )
                                     )
          Defendant.                 )
_____)


                  EXCERPT OF PROCEEDINGS
        BEFORE THE HONORABLE WILLIAM S. DUFFEY, JR.,
          UNITED STATES DISTRICT JUDGE, AND A JURY

                   GRANTING OF MISTRIAL
                  Wednesday, July 13, 2016




APPEARANCES OF COUNSEL:

For the Plaintiff:      THE RUSSELL'S LAW FIRM PLC
                          (By:  Sandra Lee Finch)

For the Defendant:      WEBB ZSCHUNKE NEARY & DIKEMAN LLP
                          (By:  Marvin Dewayne Dikeman
                                Melissa Cordell Patton)
```

*Proceedings recorded by mechanical stenography and computer-aided transcript produced by*
NICHOLAS A. MARRONE, RMR, CRR
1714 U. S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 215-1486

```
 1                    Wednesday Morning Session
 2                         July 13, 2016
 3                           9:31 a.m.
 4                           -- -- --
 5                    P R O C E E D I N G S
 6                           -- -- --
 7         (In open court without a jury present:)
 8         THE COURT:  Good morning.  I understand there is
 9   something --
10         MS. FINCH:  Your Honor, I have a request for a
11   curative instruction to the jury.
12         Yesterday when Mr. Fredrics was on the stand
13   testifying about the reserves, you questioned him about the
14   reserves.
15         And I'm not sure if Your Honor is aware of it or
16   not -- obviously, you can't see your face -- but you had a
17   very questioning face, like you didn't believe him.  And it
18   was very obvious, I think.
19         And I feel like that has prejudiced our case.
20   I feel like --
21         THE COURT:  I'm happy to do that.  I'm happy to do
22   that if you think that's prejudiced your case.
23         MS. FINCH:  Thank you.
24         THE COURT:  I will do that when they come in.
25         MS. FINCH:  Thank you.
```

1    As well as I think the Court has been expressing
2    similar facial features towards me throughout the trial, and
3    I am concerned that the jury thinks that I'm doing everything
4    wrong.
5             And so whatever instruction you give, I would
6    like it to include something along those lines as well,
7    please.
8             THE COURT:  So what do you specifically suggest?
9             MS. FINCH:  That -- I mean, I don't know.  There is
10   curative instructions for this, something along the lines of
11   that the jury shouldn't construe the Court's demeanor or the
12   Court's -- as credibility determination or anything like
13   that, or negative -- to conclude something negative about
14   attorney's counsel -- or plaintiff's counsel.
15            Just a curative instruction.  I imagine Your Honor
16   has given it before.
17            THE COURT:  Never.  I never had that request.
18            I will think of something.  Anything else?
19            MS. FINCH:  No.
20            THE COURT:  All right.  We will be in recess.
21            MR. DIKEMAN:  Your Honor, pardon, if I may?
22            If we are going to try to do a curative
23   instruction, things like crying at the podium and things like
24   that, I don't know how to address all of that that really --
25   I don't know what impact it has on a jury, if any.

```
 1              But if we are going to do that, let's try to
 2   address things like that also.
 3              MS. FINCH:  I agree with that, Your Honor.  But --
 4   I mean, that's part of it, that's part of the immense
 5   pressure that's being put on me throughout this trial in how
 6   I've been treated.  I mean, I'm --
 7              THE COURT:  Ms. Finch, I understand that you have
 8   an opinion that you have been unfairly treated in my
 9   performance of my duties to ensure --
10              MS. FINCH:  Your Honor --
11              THE COURT:  Excuse me.
12              MS. FINCH:  -- everybody that sat in this courtroom
13   saw it and approached me afterwards and wanted to know what
14   was going on in this courtroom.  So it's not just me that
15   sees it.
16              THE COURT:  I understand your position and
17   I understand wherever you might have gotten support for what
18   you perceive has happened.
19              My responsibility is to make rulings in a very hard
20   case where rulings are unusually difficult, and I have done
21   the best job I can.
22              The jury will have the opportunity not just to
23   judge me and my fairness, but they will have a chance to
24   judge your performance.  That's part of what always goes on
25   in a case, and that's what jurors always tell me when I talk
```

1  to them afterwards.
2          So there is no way to -- there is no way to make
3  you feel as if you haven't been treated differently except
4  the record, and the record will reflect that.
5          If you think there is an appellate issue based upon
6  my conduct or if you think there is an issue based upon the
7  manner in which I have presided over this that requires me to
8  be subject to discipline which might have an effect on your
9  appeal rights, you are welcome to do that.
10         There are avenues that we provide to litigants and
11 to lawyers that feel as if they have not been dealt with
12 fairly in a trial.  But that will be based on the record.
13         MS. FINCH:  Your Honor, I think comments like you
14 don't know how to read --
15         THE COURT:  I didn't do that in front of the jury.
16         MS. FINCH:  You didn't do it in front of the jury,
17 but those are the kinds of comments that you -- I don't know,
18 this is the third -- this trial and two pretrial -- one
19 pretrial conference and then the last trial, I appeared in
20 front of you three times.
21         The first time you were condescending to me, not
22 nice to me.  I had never been in front of you before.  I had
23 never had any experience, past experience with you before.  I
24 don't know what the problem is, but it has been since the
25 very first moment that I met you.

```
 1            And I don't know if you have a relationship with
 2   Mr. Dikeman.  I know he's in federal court a lot.  I don't
 3   know what the issue is.
 4            THE COURT:  You know, you have got to quit guessing
 5   and speculating.  I have had one case with Mr. Dikeman, that
 6   he lost.
 7            MS. FINCH:  Well, I would just appreciate if we
 8   could move forward on a different tenor.
 9            I feel attacked.  I feel like I'm attacked by you.
10   And I'm just being honest with the Court, this has been a
11   very difficult situation.
12            I'm in here all by myself.  I don't have opposing
13   counsel -- I have no one in here to assist me, and it has
14   been overwhelming at times.  And I'm just -- I would
15   appreciate it if we could move forward with a little bit more
16   of a professional courtesy.
17            THE COURT:  Are you saying I've been
18   unprofessional?
19            MS. FINCH:  I do believe that.
20            THE COURT:  You know, that's contemptuous, but I'm
21   not going to sanction you for that.
22            MR. DIKEMAN:  Your Honor, simply for the record,
23   I do not want our silence to be taken as acquiescence to any
24   point Ms. Finch has made.
25            THE COURT:  Well, if you want to put on the record
```

1  your impressions, you should do that.
2          MR. DIKEMAN:  Your Honor, I would like to put on
3  the record, my concern in this case is that the Court has
4  been charged with working overtime simply to address what
5  I consider to be as a trial lawyer very fundamental issues of
6  trying a case in the presence of a jury, such that my concern
7  as I drove to court this morning is that Ms. Finch has been
8  subject to what I think are correct rulings by this Court
9  about fundamental, easy issues.
10         My concern, however, is that with the crying at the
11  podium and things of that nature and comments that are being
12  made, that one or more of the jurors may, in fact, come away
13  with the impression that they should feel sorry for her and
14  that they might be motivated by sympathy or they might be
15  motivated by the thought that Allstate is somehow hiding
16  evidence or somehow pressing this case in such a fashion to
17  hide the truth from them.  That is my concern about the way
18  this case has gone.
19         I will tell you what I have told my law partners:
20  This case has made me embarrassed for my profession.
21         I cannot fathom interacting with a judge at
22  any level in what I consider to be a disrespectful way.
23  I would quit the practice of law before I ever felt it
24  necessary to respond to a judge as I have seen you be
25  responded to.

1          There have been rulings in this case and in
2  other cases that I have profoundly and without question
3  disagreed with, but I understand a judge is attempting to
4  do his best job or her best job to get it right.
5          Me saying things like that's ludicrous or
6  that's ridiculous or smiling at rulings or things of
7  that nature have no place in what I consider to be a
8  very, very special environment, a federal courtroom, where
9  jurors are called upon essentially for free to deal with
10 our problems.
11         Those are my thoughts.
12         THE COURT:  Do you want a mistrial?
13         MS. FINCH:  No, Your Honor, I do not.
14         THE COURT:  Excuse me, I'm asking -- sit down.
15         MS. FINCH:  Oh, I thought you were asking me.
16         THE COURT:  No.  He's standing up.  I looked at
17 him.
18         MR. DIKEMAN:  May I have a moment to confer about
19 that, Your Honor?
20         THE COURT:  You may.
21         MR. DIKEMAN:  May we step --
22         THE COURT:  You may.  We will take a five-minute
23 recess.
24             (A recess is taken at 9:12 a.m.)
25                      --  --  --

```
 1                  (In open court without a jury present at
 2    9:20 a.m.:)
 3                  MR. DIKEMAN:  Your Honor, thank you for that time
 4    to consult.
 5                  Allstate does move for a mistrial.  I feel --
 6                  THE COURT:  Does what?
 7                  MR. DIKEMAN:  Does move for a mistrial.
 8                  I feel that given how this case has transpired and
 9    the events that I related just a moment before the break, it
10    would be not in the interest of my client to take a chance
11    that this sympathy and disrespect and things of that nature
12    could color this verdict in this case, which I am concerned
13    it will.
14                  THE COURT:  Ms. Finch?
15                  MS. FINCH:  Your Honor, I would be -- I honestly
16    don't know.  Because, I mean, on one hand I feel like -- I
17    don't know how the jury is reacting to all of this.
18                  THE COURT:  Well, you believe that they are
19    reacting poorly because you have asked for a curative
20    instruction.
21                  MS. FINCH:  Well, no, I don't know that.  I just
22    know that people have approached me in the hallway that were
23    observing --
24                  THE COURT:  Who has -- who has approached you?
25                  MS. FINCH:  A couple of lawyers that were sitting
```

1  in the seats out here.
2           THE COURT:  And who were they?
3           MS. FINCH:  Mr. Remington and Mr. Bush.
4           THE COURT:  What firm are they from?
5           MS. FINCH:  The Remington -- I think it's the Bush
6  Firm, and their witnesses -- or not witnesses, whoever was
7  with them.  But people approached me.
8           And so it's not that -- the thing is that I don't
9  have any more cases left here in Arizona -- or Georgia.
10 I have moved to Arizona.  I have tried to honor my commitment
11 to my client.
12          This case is not worth that much money.  I would
13 rather try it to verdict, whatever the verdict is.  I just
14 would appreciate a fair trial and a fair opportunity to
15 present my client's case without an appearance by the judge
16 that you are against us and that you hate us and that we are
17 doing everything wrong.  And that's the impression that's
18 coming across.
19          And I am sorry that I am a terrible lawyer, I mean,
20 in the Court's opinion, but I am doing the best that I can.
21 And I feel like the Court has been unfair.
22          I don't know that a mistrial -- I mean, we are
23 going to have to come back and do it again.  And unless the
24 Court is going to treat me differently in another trial, we
25 are just going to repeat the same thing all over again.  So I

1   don't know much good it's going to do to try it again.
2              THE COURT:  I think based even on these last
3   comments and the fact that you have moved twice for a
4   mistrial and that your complaint all along has been that you
5   have not been treated fairly, I think today you went back to
6   the very first time we met, and therefore you must have a
7   firm belief, one, that you have been -- I disagree with
8   that -- and, secondly, you have now stated three times this
9   morning and two times before this that the jury has seen you
10  be treated unfairly and you have claimed prejudice three
11  times.
12             I do believe that a complicating factor is that
13  having not been able to maintain your composure and breaking
14  down in tears makes it -- adds an element to the jury
15  because they -- I know they saw that, and that that, in fact,
16  may well impact their ability to fairly and objectively
17  consider the facts of the case.
18             And based upon your request and your belief that
19  you haven't been treated fairly, and, frankly, my belief that
20  you have been disrespectful to the Court on numerous
21  occasions, that I am going to grant the mistrial, and we will
22  reschedule the case for trial.
23             And I will reschedule the hearing that I had told
24  you that I would conduct.
25             So the motion for mistrial is granted, and the case

1   is concluded.
2           And I am going to go back and talk to the jurors
3   and thank them for their service.  There is no reason to
4   bring them out here to do that now that the case has been
5   mistried.
6           (Proceedings adjourn at 9:24 a.m.)

# C E R T I F I C A T E

UNITED STATES OF AMERICA       :
                               :
NORTHERN DISTRICT OF GEORGIA   :

     I, Nicholas A. Marrone, RMR, CRR, Official Court Reporter of the United States District Court for the Northern District of Georgia, do hereby certify that the foregoing 12 pages constitute a true transcript of proceedings had before the said Court, held in the city of Atlanta, Georgia, in the matter therein stated.

     In testimony whereof, I hereunto set my hand on this, the 13th day of July, 2016.


*/s/ Nicholas A. Marrone*
_____
NICHOLAS A. MARRONE, RMR, CRR
Registered Merit Reporter
Certified Realtime Reporter
Official Court Reporter
Northern District of Georgia