IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ELAINE ARMSTEAD,<br><br>        Plaintiff,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>        Defendant,<br><br>SANDRA FINCH,<br><br>        Respondent. | 1:14-cv-586-WSD |

**OPINION AND ORDER**

This matter is before the Court on Attorney Sandra Finch's ("Respondent") Motion to Continue Hearing [160] ("Motion").

On October 26, 2016, the Court issued an Order [159] setting a hearing (the "Hearing") for November 22, 2016, at 9:30 a.m., in Courtroom 1705, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, to determine whether the Court should exercise its inherent authority to impose sanctions on Respondent as a result of her conduct as counsel in this action and, if so, whether sanctions are appropriate and what kind to impose. On November 16, 2016, today, Respondent filed her Motion, seeking to continue the Hearing. Respondent states

she is scheduled to have surgery on November 16, 2016, today,[1] that she will have follow-up appointments the week after her surgery, and that her physician has instructed her not to travel for at least one (1) week after surgery. (Mot. at 1). The same day, Respondent also provided the Court an affidavit from her physician. The affidavit appears to be a form document, on which someone has filled in a handful of blank spaces. The affidavit states Respondent will be expected to be cleared for travel on or about December 14, 2016—approximately four (4) weeks after her surgery today.

In Respondent's submission, it is unclear whether Respondent claims she unable to travel for one (1) week or four (4) weeks, because her Motion and her physician's affidavit conflict. It also is unclear whether her physician was made aware of Respondent's court appearance next week either in scheduling the procedure or in deciding she could not travel. The Court requests Respondent's counsel to determine a time when Respondent's counsel and the Court can call Respondent's physician to determine the facts surrounding the scheduling of the

---

[1] Respondent does not disclose when the surgery was scheduled or whether it was medically required to be performed on November 16, 2016, resulting in this Motion for continuance of the Hearing.

2

surgery, Respondent's ability to attend the Hearing next week, or the earliest day she could travel to Atlanta for it.

Notwithstanding these irregularities and the unusual timing of Respondent's Motion, the Court continues the Hearing until November 29, 2016, at 9:30 a.m. to accommodate the surgery follow-up appointments Respondent claims will take place next week.  In the event Respondent is unable to travel for four (4) weeks, the Hearing will be held on December 15, 2016, at 2:30 p.m.  If Respondent is able to travel before four (4) weeks, the Court will set an earlier hearing date.  No further request to continue the Hearing will be allowed or granted.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that counsel for Respondent shall seek to arrange a telephone conference with Respondent's counsel, the Court, and Respondent's physician regarding Respondent's scheduling of her procedure, her travel restrictions, and her ability to attend the Hearing.

**IT IS FURTHER ORDERED** that the Hearing currently scheduled for November 22, 2016, at 9:30 a.m is continued.  The Hearing shall be held on November 29, 2016, at 9:30 a.m.  In the event Respondent is unable to travel for four (4) weeks, the Hearing will be held on December 15, 2016, at 2:30 p.m.  If Respondent is able to travel before four (4) weeks, the Court will set an earlier

hearing date. No further request to continue the Hearing will be allowed or granted.

**SO ORDERED** this 16th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE