IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE ARMSTEAD,

        Plaintiff,

v.

ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY,

        Defendant,

SANDRA FINCH,

        Respondent.

1:14-cv-586-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Allstate Property & Casualty Insurance Company's ("Defendant") Notice of Attorney's Fees [166].

## I.   BACKGROUND

On December 6, 2016, the Court issued an Order [165] ("December 6th Order") finding that Respondent Sandra Finch ("Respondent") had refused, in bad faith, to comply with lawful orders of the Court. The Court exercised its inherent power to sanction Respondent. One of the sanctions the Court imposed required Respondent to pay the attorney's fees Defendant incurred as a result of Respondent's sanctionable misconduct. The Court noted that Defendant

participated in the July 7, 2016, pretrial conference, nearly all of which was devoted to discussing Respondent's failure to comply with the Court's July 1st and July 6th Orders.  Defendant also participated in the July 11, 2016, Contempt Hearing.  The Court found that, had Respondent not engaged in her sanctionable misconduct, Defendant would not have incurred attorney's fees to participate in, and prepare for, these hearings.  To determine the fees required to be paid, the Court ordered Defendant to submit, on or before December 16, 2016, the attorney's fees it incurred in connection with its participation in the pretrial conference and the Contempt Hearing.  The Court stated it would review the fees detailed and evaluate them as an appropriate sanction for Respondent's bad faith conduct.

On December 16, 2016, Defendant filed its Notice of Attorney's Fees. Defendant filed two exhibits with its Notice.  Exhibit 1 is a list of fees incurred that are directly related to the pretrial hearing and the contempt hearing.  Exhibit 2 is a broader list of fees and expenses incurred by Defendant in connection with Plaintiff's misconduct.

**II.   DISCUSSION**

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate . . . [t]he product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (considering the recovery of reasonable attorney's fees) (internal quotation marks and citations omitted).

The Court finds Defendant's $200.00 hourly rate reasonable, if not below the hourly rate customarily charged in the Atlanta area market for legal services. The Court also finds reasonable the time Defendant expended on the matters detailed in Exhibit 2. The entries in Exhibit 2, with the exception of the entries from June 23, 2016, through July 1, 2016, are directly related to Respondent's failure to comply with the Court's July 1st and July 6th Orders. Based on the Court's review, it finds that Defendant is entitled to attorney's fees in the aggregate amount of $1,548.00.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent Sandra Finch shall, on or before January 6, 2017, pay Defendant Allstate Property & Casualty Insurance Company the amount of $1,548.00. Payment shall be made by cashier's check or other good funds.

**SO ORDERED** this 21st day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE