**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ELAINE ARMSTEAD,

              Plaintiff,

    v.

ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY,

              Defendant,

SANDRA FINCH,

              Respondent.

                              **1:14-cv-586-WSD**

## OPINION AND ORDER

This matter is before the Court on Respondent Sandra Finch's [171]

("Respondent") Motion to Stay Judgment Pending Appeal.

## I.    BACKGROUND

On December 6, 2016, and December 21, 2016, the Court entered orders,

([165]; [167]), requiring Respondent to, among other things, pay Defendant

Allstate Property & Casualty Insurance Company ("Defendant") $1,548.00 in

attorneys' fees.  Respondent filed a notice of appeal of the Court's orders, and, on

January 6, 2017, she filed her Motion to Stay Judgment Pending Appeal.

Respondent argues a stay is appropriate under Federal Rule of Civil Procedure 62(f).  Defendant did not file a response to Respondent's motion.

## II.   DISCUSSION

Typically, in federal court, a losing party may obtain a stay of proceedings to enforce a judgment by posting a supersedeas bond.  See Fed. R. Civ. P. 62(d); see also First Citizens Bank & Trust Co., Inc. v. River Walk Farm, L.P., No. 1:13-cv-1488-WCO, 2015 WL 11232357, at *1 (N.D. Ga. Jan. 6, 2015).  Rule 62(f), however, provides:  "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f).  A judgment in the state of Georgia is a lien upon the real and personal property of the judgment debtor.  See O.C.G.A. § 9-12-80, et seq.  Georgia law further provides:

> In civil cases, the notice of appeal filed as provided in Code Sections 5-6-37 and 5-6-38 shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed; provided, however, that upon motion by the appellee, made in the trial court before or after the appeal is docketed in the appellate court, the trial court shall require that supersedeas bond or other form of security be given with such surety and in such amount as the court may require, conditioned for the satisfaction of the judgment in full, together with costs, interest, and damages for delay if the appeal is found to be frivolous.

O.C.G.A. § 5-6-46(a).  Thus, under Georgia law, the filing of a notice of appeal "acts as a supersedeas in the first instance," after which the prevailing party may file a motion to require a supersedeas bond.  <u>River Walk</u>, 2015 WL 11232357 at *1.  Defendant having not filed a motion to require a supersedeas bond, Respondent is not required to post one.  Respondent's Motion to Stay Judgment Pending Appeal is granted.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent Sandra Finch's Motion to Stay Judgment Pending Appeal [171] is **GRANTED**.


**SO ORDERED** this 25th day of January, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE