[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10068
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00586-WSD

ELAINE ARMSTEAD

Plaintiff,

SANDRA FINCH,

Respondent-Appellant,

versus

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Defendant-Appellee,

WEBB, ZSCHUNKE, NEARY, & DIKEMAN, LLP,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 14, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Attorney Sandra Finch represented Elaine Armstead in Armstead's lawsuit against Allstate Property & Casualty Insurance Company. In the weeks leading up to trial, Finch, on Armstead's behalf, filed a motion in limine to exclude or strike the deposition testimony of Allstate's fact witness Mark Gould. Allstate filed a response in opposition that, among other things, described what happened during Gould's deposition, which it supported by citing the deposition transcript and Gould's affidavit. The transcript showed that during the deposition Finch handed Gould page-by-page photographs of a document titled "Steamatic Guide to Restoration Services" (an outdated company document) and that when Gould asked Finch where she had found that document, Finch refused to answer. Gould in his affidavit stated that he "got very upset when it became apparent [that Finch] had obtained the document from my office without my permission."

The photographs of the Steamatic Guide were not the only photographs Finch showed Gould during his deposition. At one point she handed Gould a photograph of the inside of his office, but refused to explain where she had gotten the picture. Gould accused Finch of trespassing, at which point Finch responded, "I caution you on defaming me, because if you defame me, I can promise you it will not be good."

2

On July 1, 2016, the district court entered an order denying Armstead's motion in limine and instructing Finch to "file, on or before July 5, 2016, a sworn affidavit stating, in detail, how and under what circumstances she obtained the photographs of Mr. Gould's office and the Steamatic Guide in question." Finch responded to that order on July 5 by filing objections based on lack of notice, due process, and relevance. On July 6 the district court entered an order overruling Finch's objections and instructing her to file the affidavit "on or before 5:00 p.m. EST today, July 6, 2017" because "the matters required to be addressed in the affidavit may impact the admission of evidence at trial." Finch did not file the affidavit by that deadline.

The next morning (July 7), the district court held a pretrial conference. Finch and Allstate's counsel attended, and Finch explained that she was traveling by plane when the district court entered its July 6 order and was unable to file her response by the 5:00 deadline. Finch stated that she needed additional time to respond to the court's order and that she objected to that order on due process grounds, explaining that "I really don't understand what the complaint is or what it is that I'm responding to." The district court clarified that Finch was to file an affidavit providing the source of the photographs because that information "may well impact the admissibility" of those documents at trial. The district court then told Finch that she would be permitted "a little more time today to provide the

3

information." At 5:07 that evening, after Finch had not filed the affidavit, the district court entered an order directing her to show cause why it should not hold her in contempt and impose sanctions for failing to follow its July 1 and July 6 orders.

On July 11, after the first day of trial had ended, the district court held a hearing on its show cause order and, at that hearing, Finch argued for the first time that she had not filed the affidavit based on her Fifth Amendment right against self-incrimination. The district court did not impose sanctions at that hearing and scheduled a second sanctions hearing to give Finch time to retain counsel to represent her in the matter. At the second sanctions hearing Finch, through her attorney, reiterated that she had not filed the affidavit based on her Fifth Amendment right.

A few days after that second hearing, the district court entered an order finding that Finch had acted in bad faith by refusing to comply with its July 1 and July 6 orders. It decided to exercise its inherent power to sanction Finch by ordering her to pay Allstate's attorney's fees incurred by its participation in and preparation for both the pretrial conference (nearly all of which was spent discussing Finch's failure to comply with the July 1 and July 6 orders) and the first sanctions hearing. The court ordered Allstate to submit to it the amount of attorney's fees it had incurred in connection with those two hearings. Allstate

4

submitted the calculation of its attorney's fees, and the district court entered an order directing Finch to pay Allstate $1,548 in attorney's fees. This is Finch's appeal of the district court's orders imposing sanctions based on her non-compliance with its July 1 and July 6 orders.

We review for an abuse of discretion the district court's imposition of sanctions under its inherent power. See Sciarretta v. Lincoln Nat'l Life Ins. Co., 778 F.3d 1205, 1212 (11th Cir. 2015). A district court abuses its discretion when it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous," or when it "misconstrues its proper role, or ignores or misunderstands the relevant evidence." Id. (quotation marks omitted) (alterations omitted). "Courts have the inherent power to police themselves and those appearing before them," and "[t]he key to unlocking that inherent power is a finding of bad faith." Id. "Once unlocked, the power carries with it the authority to assess attorney's fees as a sanction for bad faith conduct." Id.

Finch first contends that because she had a good faith basis for asserting her Fifth Amendment right, the district court erred in finding that she acted in bad faith by refusing to comply with its July 1 and July 6 orders. Although Finch raised objections to those orders, she did not assert her Fifth Amendment privilege at that

5

time.  She instead brought up her Fifth Amendment right at the sanctions hearings as an after-the-fact reason for not filing the affidavit.

If Finch wished to assert her Fifth Amendment right as a basis for not complying with the July 1 and July 6 orders, she should have claimed her Fifth Amendment privilege at the time she was instructed to file the affidavit.  See Minnesota v. Murphy, 465 U.S. 420, 434, 104 S. Ct. 1136, 1146 (1984) (noting "[t]he general rule that the [Fifth Amendment] privilege must be claimed when self-incrimination is threatened").  Instead, Finch objected to the July 1 and July 6 orders on other grounds (which the district court overruled) and then sat silently while the July 7 deadline passed.  The district court's decision to sanction Finch did not, as she contends, "effectively penaliz[e] [her] for the exercise of her Fifth Amendment privilege."  It was instead based on her failure to either comply with or timely raise a valid objection to complying with the July 1 and July 6 orders.

Finch also contends that the district court erred in finding that Finch's failure to file the required affidavit constituted bad faith because the court failed to make specific findings of the conduct that warranted sanctions.  "We review a court's finding of bad faith, and the subsidiary factual findings that go into it, only for clear error."  Sciarretta, 778 F.3d at 1213.  "Under clear error review, we will reverse only if after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed."  Id. (quotation marks omitted).

6

The district court's order imposing sanctions found that Finch "acted in bad faith when she repeatedly and flagrantly disregarded [its] orders" without providing "adequate justification or explanation." The district court made specific findings of bad faith and it did not clearly err in finding that Finch acted in bad faith by failing to either comply or timely justify not complying with its orders.[1]

Finally, Finch contends that the district court abused its discretion by imposing sanctions because it failed to give her sufficient notice of its intent to sanction her and failed to provide a legal basis for imposing sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 2136 (1991) ("A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process . . . ."). Before the first sanctions hearing, the district court ordered Finch to show cause why she should not be held in contempt and sanctioned for not complying with its July 1 and July 6 orders. During the first sanctions hearing the district court made clear both the factual and legal basis for which it was considering imposing sanctions. At that hearing the

---

[1] Finch also contends that the district court erroneously failed to take into account Allstate's egregious conduct during discovery, which is what led to the "need to disprove Gould's testimony without the benefit of full discovery" and her need to "get to the truth . . . in a situation where [her client] was deprived of discovery." But Finch was not sanctioned for allegedly sneaking into Gould's office. She was sanctioned for refusing to file an affidavit after the court more than once ordered her to do so. For that reason, Allstate's conduct during discovery is not relevant to whether Finch acted in bad faith by refusing to file the court ordered affidavit.

district court told Finch that she needed to show cause why she should not be sanctioned for specific conduct:

> In [the July 1 order] I required Ms. Finch to provide certain information about the acquisition of materials that were used during a deposition. The information that was required to be provided is set out on page 34 of the order, . . . and the information was required to be provided in a sworn affidavit, stating in detail how and under what circumstances she obtained the photographs of Mr. Gould's office and the Steamatic guide in question . . . . She did not provide the information as originally required in the July 1, 2016 order, nor did she provide me information as she was told she was required in the Court's subsequent order. And then, further, during the pretrial conference that we had just a couple of days ago, she told me that she intended to file a response to the order, and she has failed to do that.

In an order scheduling the second sanctions hearing, the district court stated that it was holding that hearing "to determine whether the Court should exercise its inherent power, and, if it should, what sanctions are appropriate." Finch's statement that "[t]he District court failed to notify [her] of a) the conduct that is subject to sanction; or b) the legal basis for said sanctions" is false.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 14, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-10068-AA
Case Style: Sandra Finch v. Allstate Property & Casualty
District Court Docket No: 1:14-cv-00586-WSD

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion