# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELAINE ARMSTEAD,<br><br>            Plaintiff,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>            Defendant,<br><br>SANDRA FINCH,<br><br>            Respondent. | 1:14-cv-586-WSD |

## OPINION AND ORDER

This matter is before the Court on Respondent Sandra Finch's ("Respondent") Motion to Stay Mandate Pending Ruling on Petition for Writ of Certiorari [191] ("Motion to Stay").

On December 6, 2016, December 21, 2016, and November 8, 2017, the Court entered orders, ([165]; [167]; [189]), requiring Respondent to pay Defendant Allstate Property & Casualty Insurance Company ("Defendant") $1,548.00 in attorneys' fees and personally author and submit for publication to the Georgia Bar Journal and the Arizona Attorney an article discussing the practical and legal consequences of failing to be candid with the court and comply with court rules

and orders. On November 11, 2017, Respondent filed her Motion to Stay. Respondent argues a stay is appropriate under Rule 62(f) of the Federal Rules of Civil Procedure. Respondent further argues that she is not required to post a supersedeas bond.[1] Defendant filed a response to Respondent's motion, but later withdrew it.

Upon consideration of Respondent's Motion to Stay, the Court grants some relief of this Court's judgment pending her petition for certiorari to the U.S. Supreme Court. The Court also finds that it is reasonable, and within the Court's discretion, to order Ms. Finch to deposit $1,548.00, plus interest, into the Registry of the Court to secure the required payment to Defendant Allstate Property & Casualty Insurance Company. The article required to be written and submitted for publication is delayed as ordered below.

---

[1] Respondent cites O.C.G.A. § 9-11-62(d) for the proposition that she is entitled to a stay without having to post a bond. Section 9-11-62(d) states:

> When an appeal is taken by the state or by any county, city, or town within the state, or an officer or agency thereof, and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

This provision, on its face, does not apply. Ms. Finch is not "the state," or "any county, city, or town within the state, or an office or agency thereof."

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent Sandra Finch's Motion to Stay Mandate Pending Ruling on Petition for Writ of Certiorari [191] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent Sandra Finch shall, on or before November 30, 2017, deposit $1,548.00, plus interest,[2] into the Registry of the Court. These funds shall be held in the Registry pending the Supreme Court's decision as to whether it will grant or deny certiorari regarding the Eleventh Circuit's decision dated July 14, 2017.

**IT IS FURTHER ORDERED** that if the U.S. Supreme Court denies Ms. Finch's petition for certiorari, Ms. Finch shall, within thirty (30) days of the denial, submit the article required by this Court's November 8, 2017 order.

**SO ORDERED** this 21st day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] This is the amount due to Defendant Allstate Property & Casualty Insurance Company should Ms. Finch fail to succeed on her appeal to the United States Supreme Court. ([189]).

3