# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELAINE ARMSTEAD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant,<br><br>SANDRA FINCH,<br><br>　　　　Respondent. | 1:14-cv-586-WSD |

## OPINION AND ORDER

This matter is before the Court on Respondent Sandra Finch's ("Respondent") Motion for Reconsideration of the Court's November 21, 2017, Order Denying Supersedeas and Ordering Posting of Bond [196] ("Motion for Reconsideration").

On December 6, 2016, December 21, 2016, and November 8, 2017, the Court entered orders, ([165]; [167]; [189]), requiring Respondent to pay Defendant Allstate Property & Casualty Insurance Company ("Defendant") $1,548.00 in attorneys' fees (the "Amount") and personally author and submit for publication to the Georgia Bar Journal and the Arizona Attorney an article discussing the

practical and legal consequences of failing to be candid with the court and comply with court rules and orders (the "Article"). On November 11, 2017, Respondent filed a Motion to Stay Mandate Pending Ruling on Petition for Writ of Certiorari [191] ("Motion to Stay") arguing that a stay is appropriate under Rule 62(f) of the Federal Rules of Civil Procedure, and that she is not required to post a supersedeas bond. On November 21, 2017, the Court issued an order denying Respondent's Motion to Stay. ([195] "November 21st Order"). The November 21st Order also ordered Respondent to deposit $1,548.00, plus interest, into the Registry of the Court and held that, should the U.S. Supreme Court deny Respondent's petition, she shall, within thirty (30) days, submit the article required by the Court's November 8, 2017, order.

On November 11, 2017, Respondent filed her Motion for Reconsideration reiterating her argument that this Court should stay its previous orders sanctioning her, and impliedly the Eleventh Circuit's Mandate, pending the consideration of her not-yet-filed[1] petition for writ of certiorari. ([188]). In it, Respondent reiterates her argument that she is entitled to a stay under Georgia law pursuant to

---

[1] According to Respondent, the deadline to file her petition for writ of certiorari is December 12, 2017. ([191] at 4).

Rule 62(f) of the Federal Rules of Civil Procedure and O.C.G.A § 5-6-46.[2]
Respondent also complains about the "lack of notice" of this Court's November 21st Order because it was filed two days prior to the Thanksgiving holiday.

Upon reconsideration, the Court grants Respondent's request for a stay subject to two conditions. First, should the U.S. Supreme Court deny Respondent's petition for writ of certiorari, or should Respondent fail to perfect her petition by December 12, 2017, by not complying with the rules for the filing or briefing of the petition, Respondent shall, within thirty (30) days of the denial, or failure to perfect, whichever is sooner, submit the Article required by this Court's November 8, 2017, order.

Second, Respondent shall post a supersedeas bond in the amount required to be paid to Allstate Property & Casualty Insurance Company. Georgia law provides this Court with the discretion to order Respondent to post a supersedeas bond in this instance. Northside Bank v. Mountainbrook of Bartow Cty. Homeowners Ass'n, Inc., 338 Ga. App. 126, 133, 789 S.E.2d 378, 385 (Ga. Ct. App. 2016)

---

[2] In her haste to respond to the Court's Order, Respondent once again improperly cites the grounds entitling her to a stay. Respondent wrongly cites O.C.G.A. § 9-11-62(f). It is apparent to the Court that Respondent meant to cite Rule 62(f) of the Federal Rules of Civil Procedure. The Court also notes that Respondent's Motion to Reconsider is fraught with spelling errors. The errors include, for example, "supersedas," "elimiate," and "judgement." ([196] at 1-2).

3

("Under O.C.G.A. § 5-6-46 (a), the trial court has the discretion to require the posting of a supersedeas bond to cover the costs of appeal, the delay, and the judgment, if affirmed."). Section 5-6-46(e) also provides that "[n]othing in this Code section shall deprive the superior courts of their separate power to grant supersedeas under paragraph (1) of Code Section 15-6-9 nor deprive the appellate courts of the power to grant supersedeas in such manner as they may determine to meet the ends of justice." See O.C.G.A. § 5-6-46 (e); see also Wastecare Corporation v. Shredderhotline.com Co., No. 2:11-cv-297-WCO, 2014 WL 12538195, at *3 (N.D. Ga. May 23, 2014).

Here, Respondent has failed to demonstrate why paying the Amount into the Registry of the Court is impossible or impractical. Respondent has consistently sought to delay the enforcement of the Court's sanctions orders, and has also represented that she may be unable to pay the judgment amount. To ensure that such payment will be made in the event that Respondent's petition for writ of certiorari is denied, or not perfected by the December 12, 2017, deadline, the Court believes it is reasonable and necessary to have Respondent post bond equal to the amount that she may later have to pay.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent Sandra Finch's Motion for Reconsideration of the Court's November 21, 2017, Order Denying Supersedeas and Ordering Posting of Bond [196] is **GRANTED** subject to the conditions stated below.

**IT IS FURTHER ORDERED** that Respondent Sandra Finch shall, on or before December 8, 2017, deposit $1,548.00, plus interest,[3] into the Registry of the Court. These funds shall be held in the Registry pending the U.S. Supreme Court's decision as to whether it will grant or deny certiorari regarding the Eleventh Circuit's decision dated July 14, 2017.

**IT IS FURTHER ORDERED** that if the U.S. Supreme Court denies Ms. Finch's petition for writ of certiorari, or Ms. Finch does not perfect her petition for writ of certiorari by December 12, 2017, or Ms. Finch fails to comply with the rules regarding the filing and briefing of a petition for writ of certiorari, Ms. Finch shall, within thirty (30) days of the denial, or the failure to comply, whichever is sooner, submit the Article required by this Court's November 8, 2017, order.

---

[3] This is the amount due to Defendant Allstate Property & Casualty Insurance Company should Ms. Finch fail to succeed on her appeal to the United States Supreme Court. ([189]).

**SO ORDERED** this 29th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE